IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NORTHWESTERN CORPORATION, | Case No. 03-12872 (JLP) |
| Reorganized Debtor. | |

## NORTHWESTERN CORPORATION'S DESIGNATION OF ADDITIONAL DOCUMENTS FOR THE RECORD AND OBJECTION TO STATEMENT OF ISSUES ON APPEAL

NorthWestern Corporation (the "NorthWestern"), by its undersigned counsel and pursuant to Rule 8006 of the Federal Rules of Bankruptcy Procedure, hereby files this Designation of Additional Documents for the Record and Objection to Statement of Issues on Appeal in response to the Joint Designation of Items to be Included in the Record on Appeal and Statement of the Issue to be Presented on Appeal of Magten Asset Management Corporation ("Magten") and Law Debenture Trust Company of New York as Indenture Trustee and Guarantee Trustee (the "Law Debenture") in connection with Magten and Law Debenture's appeal of the Order Denying Joint Motion of Magten Asset Management Corporation and Law Debenture Trust Company of New York entered by United States Bankruptcy Judge John L. Peterson on March 10, 2005 (Dkt. No. 2911).

### Designation of Additional Documents for the Record

| | Docket No. | Description |
|---|---|---|
| 1 | 257 | Motion of Official Committee of Unsecured Creditors for Entry of an Order Permitting Securities Trading Upon Establishment of an Ethical Wall *[Docket No. 257, Dated October 17, 2003]* |
| 2 | 335 | Order Permitting Securities Trading Upon Establishment of Ethical Wall *[Docket No. 335, Dated November 6, 2003]* |

ATL/1100996.1

| | | |
|---|---|---|
| 3 | 691 | Final Order Granting Motion Pursuant to 11 U.S.C. Sections 105, 362, 363 and 364 for Entry of an Order (A) Amending Pre-Petition Credit Facility, (B) Providing Protections Under Section 364 (c)(1), on a Permanent Basis, and (C) Granting Related Relief *[Docket No. 691, Dated January 13, 2004]* |
| 4 | 1143 | Motion for Expedited Teleconference on Emergency Motion of Magten Asset Management Corporation for Clarification of the ruling to Lift the Automatic Stay Issued at the Hearing held on April 8, 2004 *[Docket No. 1143, Dated April 20, 2004]* |
| 5 | 1145 | Response of Credit Suisse First Boston as Administrative Agent, to Motion of Magten Asset Management Corporation for an Order Setting an Expedited Telephone Conference to Clarify the Ruling of the Court on April 8, 2004 Granting Magten Relief from the Automatic Stay to Commence Adversary Proceeding Seeking to Avoid Fraudulent Transfer *[Docket No. 1145, Dated April 21, 2004]* |
| 6 | 1261 | Order Denying Motion of Magten Asset Management Corporation for an Order Extending Time for the Official Committee of Unsecured Creditors and Parties in Interest to Investigate and Object to Liens and Claims of Credit Suisse First Boston *[Docket No. 1261, Dated May 11, 2004]* |
| 7 | 1298 | Exhibit H to First Amended Disclosure Statement *[Docket No. 1298, Dated May 14, 2004]* |
| 8 | 1299 | Exhibit I-J to First Amended Disclosure Statement *[Docket No. 1299, Dated May 14, 2004]* |
| 9 | 1900 | Debtor's Notice of Designation of Potential Witnesses to be Called with Respect to the Confirmation Hearing *[Docket No. 1900, Dated August 13, 2004]* |
| 10 | 1923 | Notice of Motion for an Order (A) Approving Debtor's Second Amended Disclosure Statement and Summary Disclosure Statement; (B) Establishing Procedures for Limited Resolicitation and Tabulation of Votes on Debtor's Second Amended and Restated Plan of Reorganization; (C) Approving the Form and Manner of Notice; and (D) Granting Related Relief *[Docket No. 1923, Dated August 18, 2004]* |
| 11 | 1980 | Notice of Withdrawal of Harbert Management Corporation's Objection to Debtor's Motion for Order Pursuant to Bankruptcy Rule 9019 Approving Memorandum of Understanding *[Docket No. 1980, Dated August 24, 2004]* |
| 12 | 1981 | Notice of Withdrawal of the Motion to Disallow and Objection to Claims of HSBC Bank USA, as Indenture Trustee, and Oaktree Capital Management LLC Based on Violations of the Public Utility Holding Company Act of 1935 *[Docket No. 1981, Dated August 24, 2004]* |

| | | |
|---|---|---|
| 13 | 1982 | Notice of Withdrawal of the Objection by Harbert Management Corporation to Confirmation of the Debtor's First Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code *[Docket No. 1982, Dated August 24, 2004]* |
| 14 | 1994 | Notice of Withdrawal of the Objection of Indenture Trustee to Confirmation of the Debtor's First Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code *[Docket No. 1994, Dated August 25, 2004]* |
| 15 | 2062 | Objection of Magten Asset Management to the Debtor's Motion Pursuant to Section 105(A), 363(B) and 502(C) of the Bankruptcy Code for Estimation of Magten's Claim and to Establish a Disputed Claim Reserve *[Docket No. 2062, Dated September 9, 2004]* |
| 16 | 2081 | Paul, Hastings, Janofsky & Walker LLP's Designation of Additional Documents for the Record and Objection to Statement of Issues on Appeal *[Docket No. 2081, Dated September 15, 2004]* |
| 17 | 2288 | Notice of Filing Plan Supplement in Connection with Debtor's Second Amended and Restated Plan of Reorganization Under Chapter 11 of the Bankruptcy Code *[Docket No. 2288, Dated October 28, 2004]* |
| 18 | 2289 | Notice of Filing Plan Supplement in Connection with Debtor's Second Amended and Restated Plan of Reorganization Under Chapter 11 of the Bankruptcy Code *[Docket No. 2289, Dated October 29, 2004]* |
| 19 | Case No. 04-53324, Docket No. 17 | Joinder of the Official Committee of Unsecured Creditors of NorthWestern Corporation to Debtor's Motion to Dismiss the Complaint of Magten Asset Management Corporation and Law Debenture Trust Company of New York (including all exhibits thereto) *[Docket No. 17, Dated June 17, 2004]* |
| 20 | Case No. 04-53324, Docket No. 21 | Joinder of the Official Committee of Unsecured Creditors of NorthWestern Corporation in Debtor's Reply in Further Support of Its Motion to Dismiss the Complaint of Magten Asset Management Corporation and Law Debenture Trust Company of New York (including all exhibits thereto) *[Docket No. 21, Dated July 9, 2004]* |
| 21 | Case No. 04-53324, Docket No. 31 | Scheduling Order *[Docket No. 31, November 3, 2004]* |
| 22 | Case No. 04-55051, Docket No. 24 | Notice of Service of Discovery Filed by NorthWestern Corporation *[Docket No. 24, Dated November 23, 2004]* |
| 23 | Case No. 04-55051, Docket No. 36 | Notice of Service of Subpoena Filed by NorthWestern Corporation *[Docket No. 36, Dated December 8, 2004]* |

ATL/1100996.1

| 24 | -- | Transcript of October 29, 2004 Motion Hearing Before the United States District Court for the District of Delaware, Honorable Judge Kent A. Jordan, Case 04-CV-1389 *[Docket No. 17, Dated October 29, 2004]* |

### Objection to Statement of Issues to be Presented

1. Magten and Law Debenture's first statement of issues to be presented is as follows:

>   Whether the Bankruptcy Court erred in determining that a written settlement agreement (the "Settlement Agreement") executed by NorthWestern Corporation ("NorthWestern") was not binding absent bankruptcy court approval, when (i) the Settlement Agreement by its own terms said that it was "binding upon and inure[d] to the benefit of the Parties," (ii) NorthWestern executed the agreement after it was no longer a debtor in possession, and (iii) NorthWestern's chapter 11 plan of reorganization did not provide that agreements executed by NorthWestern would not be binding absent Bankruptcy Court approval.

**NorthWestern's Objection**: NorthWestern hereby objects to the statement of issues on the ground that it incorrectly characterizes the Bankruptcy Court's decision, specifically its findings of fact and conclusions of law, made in connection with its denial of the Motion of Magten Asset Management Corporation and Law Debenture Trust Company of New York as Indenture Trustee for Order Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure Approving a Settlement Between NorthWestern Corporation, Magten Asset Management Corporation, and Law Debenture Trust Company of New York (the "Motion"). The Bankruptcy Court specifically held:

>   I further determine that Magten's argument that the agreement is binding on the parties without court approval is without merit. Indeed, the settlement documents plainly state that the agreement was subject to Bankruptcy Court approval.

ATL/1100996.1

Memorandum Opinion Denying Joint Motion of Magten Asset Management Corporation and Law Debenture Trust Company of New York [Docket No. 2910] (the "Memorandum Opinion"), p. 2.

    2.    Magten and Law Debenture's second statement of issues to be presented is as follows:

> Whether the Bankruptcy Court erred in determining that it had authority, pursuant to Bankruptcy Rule 9019, to alter the substantive contract rights of Magten and the Indenture Trustee by not enforcing the Settlement Agreement even though NorthWestern, as a reorganized debtor, was not bound by the constraints of section 363 of the Bankruptcy Code.

**NorthWestern's Objection**: NorthWestern hereby objects to the statement of issues on the ground that it incorrectly characterizes the Bankruptcy Court's decision, specifically its findings of fact and conclusions of law, made in connection with the denial of the Motion. The Bankruptcy Court specifically held:

> Indeed, the issues raised by the objections make clear that the Court must decide whether the Settlement Agreement violates or is consistent with the terms of the Confirmed Plan in order to approve or reject the agreement. This is particularly true because section 7.9 of the Confirmed Plan provides that the Plan Committee was created for "the purpose of overseeing the remaining Claims reconciliation and settlement process," and if a settlement exceeds $100,001, which the present settlement surely does, the Debtor must settle in accordance with the Plan Committee By-Laws, "which provides the Plan Committee with, among other things, the right to object [to] such claims." Finally, it is clear from oral argument that the settlement provisions do impact the rights of Class 7 and Class 9 creditors, and thus court supervision is essential to protect such rights.

Memorandum Opinion, p. 3.

    3.    Magten and Law Debenture's third statement of issues to be presented is as follows:

> Whether the Bankruptcy Court erred in finding that the terms of the Settlement Agreement could not be implemented without amending the Plan when the economic equivalent of the distributions contemplated by the terms of the Settlement Agreement could be readily provided by NorthWestern through other sources of value without prejudicing other creditors or amending the Plan.

**NorthWestern's Objection**: NorthWestern hereby objects to the statement of issues on the ground that it incorrectly characterizes the Bankruptcy Court's decision, specifically its findings of fact and conclusions of law, made in connection with the denial of the Motion. The Bankruptcy Court specifically held:

> the crux of the real objection comes from the manner in which Magten's shares are being distributed, its impact on Class 7 and Class 9 creditors and the violation of section 4.8(b)(ii) of the Plan.
>
> The Plan provides that to the extent shares allocated to Class 8(b) are not distributed to Option 2 holders, those shares are to be distributed to Class 7 and Class 9 creditors. *See* Debtor's Second Amended and Restated Plan of Reorganization, Section 4.8(b)(ii). Thus, Magten and the other non-accepting QUIPS holders who took Option 2 received only a Class 9 claim, not distribution from the 505,591 shares allocated to Option 1 holders. To grant, as the Settlement Agreement does, either by way of amendment to the Plan or absence of any objections from those classes. But a plan amendment is not legally available because the Plan has been substantially consummated and objection to the distribution has been presented vigorously by Class 7.

Memorandum Decision, p. 5.

The Bankruptcy Court goes on to state that:

> To resolve the remaining claims, which have an asserted amount of $120 million, there remains 3,720,600 shares with a Plan value of $74,412,000. Such financial dilemma surely means that it is imprudent to distribute the 382,732 shares to Magten from the Class 9 reserve over and above the reserve fixed by the November 1, 2004 Stipulation.

ATL/1100996.1

4.  NorthWestern refers to, and incorporates, the description of those issues in the Memorandum Opinion and the Order Denying Joint Motion of Magten Asset Management Corporation and Law Debenture Trust Company of New York (Dkt. No. 2911).

Dated: Wilmington, Delaware
       April 7, 2005

>   Respectfully submitted,
>
>   PAUL, HASTINGS, JANOFSKY & WALKER LLP
>   600 Peachtree Street
>   Suite 2400
>   Atlanta, GA 30308
>   Jesse H. Austin, III
>   Karol K. Denniston
>   Telephone: (404) 815-2400
>
>   and
>
>   GREENBERG TRAURIG, LLP
>
>   _____
>   Scott D. Cousins (No. 3079)
>   Victoria Watson Counihan (No. 3488)
>   William E. Chipman, Jr. (No. 3818)
>   The Brandywine Building
>   1000 West Street, Suite 1540
>   Wilmington, DE 19801
>   Telephone: (302) 661-7000
>
>   ***Co-Counsel for NorthWestern Corporation***