IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: : | Chapter 11 |
| NORTHWESTERN CORPORATION, : | Case No. Case No. 03-12872 (CGC) |
| Debtor. : | Objection deadline: October 31, 2003 at 4:00 p.m.<br>Hearing date: November 6, 2003 at 10:30 a.m.<br>(only if objections filed) |

### MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER PERMITTING SECURITIES TRADING UPON ESTABLISHMENT OF AN ETHICAL WALL

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 case of the above-captioned debtor and debtor in possession (the "Debtor") hereby moves this Court (the "Motion") for entry of an order permitting members of the Committee, including both those named below and each future member, if any, (the "Members") and their "Affiliates"[1] to trade in the Securities (as defined below) of the Debtor and any non-debtor affiliates of the Debtor (collectively, with the Debtors, the "NOR Group") upon the establishment and implementation of "Ethical Walls"[2] and in accordance with the terms and

---

[1] As used herein the term "Affiliate" means with respect to any entity, any other entity directly or indirectly controlling, controlled by, or under common control with such other entity. For the purpose of this definition, the term "control" (including, with correlative meanings, the terms "controlling," "controlled by," and "under common control with"), as used with respect to any entity, shall mean the possession, directly or indirectly, of the power to direct or cause the direction of the management and policies of such entity, whether through the ownership of voting securities, by contract or otherwise.

[2] As used herein, the term "Ethical Wall" refers to procedures established by an organization such as a financial institution to isolate its trading activities from its activities as a member of an official creditors' committee. An Ethical Wall typically involves procedures inside the institution which both (i) comply with the requirements for insulating certain people from certain material nonpublic information and (ii) function without unnecessary disruption to the management and operation of the organization. To the extent necessary to achieve compliance, typical Ethical Wall arrangements consist of the following: staffing arrangements whereby the institution's personnel responsible for performing committee functions are different than the personnel responsible for performing trading functions; physical separation of the office and file spaces used by those personnel; establishment of procedures for securing committee-related files; establishment of separate telephone and facsimile lines for trading activities and committee activities; and special procedures for the delivery and posting of telephone messages.

conditions of the proposed form of order attached hereto. In support of this Motion, the Committee respectfully represents as follows:

## BACKGROUND

1. On September 14, 2003 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code § 101 et seq. (the "Bankruptcy Code") in the Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court"). The Debtor continues to operate its businesses and manage its properties as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. On September 30, 2003, the United States Trustee for the District of Delaware (the "United States Trustee") conducted the organizational meeting of creditors at which time the Committee was formed. The United States Trustee officially appointed the Committee by a Notice of Appointment dated October 1, 2003. As of the date hereof, the Committee consists of the following eight (8) Members:

> OCM Opportunities Fund IV, L.P. c/o Oaktree Capital Management, LLC
> Franklin Templeton Mutual Series Fund c/o Franklin Mutual Advisers, LLC
> The Bank of New York as Trustee
> Wilmington Trust Company as Trustee
> HSBC Bank USA
> Avenue Capital Management
> AG Capital Recovery Partners III, L.P. c/o Angelo Gordon & Co.
> Comanche Park, LLC

3. After its formation, on September 30, 2003, the Committee retained Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul Weiss") and the Bayard Firm as its co-counsel, subject to this Court's approval. The Committee has also selected, subject to this Court's approval, Houlihan, Lokey, Howard & Zukin as its proposed financial advisors.

4. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. The matter is a core proceeding under 28 U.S.C. § 157(b)(2). The statutory predicates for the relief sought by this Motion are sections 105(a) and 1103(c) of the Bankruptcy Code.

## RELIEF REQUESTED

5. By this Motion, the Committee moves for the entry of an arguably routine order in public-company chapter 11 cases determining that Members neither violate their duties as Members nor subject their claims to possible disallowance, subordination or other adverse treatment by trading in the stock, notes, bonds or debentures of any one or more members of the NOR Group. The order should also determine that the buying or selling of participations (collectively, all activities described herein, the "Transactions") in any of such debt obligations or any other claims against or interests in any one or more members of the NOR Group (collectively, the "Securities") (whether or not covered by Bankruptcy Rule 3001(e)) is not violative of Member duties. The term "securities" shall include "securities" within the meaning of applicable state or federal securities laws or both, during the pendency of this case. Members should be permitted to continue to engage in the Transactions as long as those Members establish and effectively implement Ethical Wall policies and procedures to prevent the misuse of any material non-public information that may be obtained through their activities as Members.

## ETHICAL WALL PROVISIONS

6. Certain of the present Members are directly themselves (or are affiliated with) investment advisors or managers that provide investment-advisory services to institutional, pension, mutual fund and high net-worth clients and affiliated funds and accounts. These Members may buy and sell Securities and other financial assets for their own portfolios. As part of these regular business activities, the Members have duties to maximize returns for their clients or shareholders through the buying and selling of Securities and other financial assets. By this

3

Motion, the Members acknowledge that they have certain legal duties regarding material nonpublic information about the NOR Group. In addition, they acknowledge that trading in Securities by Members may implicate various federal laws limiting or attaching consequences to trading in Securities on the basis of material nonpublic information. If the Members are barred from trading Securities during the pendency of this case because of their service on the Committee, they risk the loss of potentially beneficial investment opportunities for their clients and themselves. Alternatively, if Members resign from the Committee, their clients' interests may be compromised by virtue of the Members taking a less active role in the reorganization process. As currently constituted, the Committee is representative of the general body of unsecured creditors.

7. Many institutions have faced the same dilemma with respect to committee memberships in other chapter 11 cases in recent years. To resolve this issue, bankruptcy courts have, with increasing regularity, permitted active members of official committees to trade in the securities of a debtor while incumbent. Such authorization, however, typically is conditioned on establishment of Ethical Walls.

8. A widely cited case that clearly articulates procedures for establishing Ethical Walls is <u>Federated Department Stores, Inc</u>. Bankr. No. 1-90-00130, 1991 WL 79143 at *1 (Bankr. S.D. Ohio Mar. 7, 1991) (the "Federated Order") (attached as Exhibit <u>A</u> hereto). In that case, Fidelity Management & Research Company ("Fidelity"), a member of an official bondholders' committee, moved for an order determining that it would not violate its duties as a committee member by trading in the debtors' securities if procedures were implemented to insulate its trading activities from its committee-related activities. Numerous parties, including the SEC, supported Fidelity's motion, and even the debtors responded that they were not

opposed to the requested relief. The SEC's memorandum in support of Fidelity's motion urged the court to adopt the SEC's position that:

> consistent with the requirements of the federal securities laws and the bankruptcy laws, an entity that is engaged in the trading of securities as a regular part of its business and that has implemented procedures reasonably designed to prevent the transmission to its trading personnel of information obtained through service on an official committee *is not precluded from serving on the committee and, at the same time, trading in the debtor's [sic] securities.*

SEC Memorandum at 7 (emphasis added). The SEC went on to point out that institutional creditors, such as investment advisors and broker-dealers, "have skills and expertise that are likely to be extremely valuable to committee" and concluded that there "is no legal impediment to permitting the service of such entities on official committees." Id.

9. Fidelity's motion was granted. Judge Aug ordered that "Fidelity will not be violating its fiduciary duties as a committee member and accordingly, will not be subjecting its claims to possible disallowance, subordination, or other adverse treatment, by trading in the securities of the Debtors . . . during the pendency of these Cases, provided that Fidelity employs an appropriate information blocking device or '[Ethical] Wall . . . .'" Federated, 1991 WL 79143 at *1.

10. The Federated Order specified certain procedures for establishment of an Ethical Wall, including:

(i) written acknowledgment by personnel performing committee work that they could receive nonpublic information and are aware of the Ethical Wall procedures in effect;

(ii) a prohibition on the sharing of nonpublic committee information with employees that are not responsible for performing any committee-related functions (except in-house legal counsel);

(iii) creation of separate file space for committee work that is inaccessible to employees that are not responsible for performing any committee-related functions;

    (iv)    restrictions on committee personnel's access to trading information; and

    (v)    establishment of a compliance review process. See id.

11.    In accordance with the SEC's suggestions, the Federated Order covered only those personnel of committee members engaged in the trading of securities as a regular part of their business. See id. at *2.

12.    Since the entry of the Federated Order, numerous other bankruptcy courts, including the Delaware Bankruptcy Court, have recognized the importance of having institutional creditors participate on official committees and, based thereon, have entered orders permitting institutional members of official committees to trade the debtor's securities as long as Ethical Walls are implemented. For example, in In re NationsRent, Inc., et al., Case No. 01-11628 (PJW), the Delaware Bankruptcy Court entered an order (April 2, 2002) (the "NationsRent Order") permitting members of the debtor's official committee of unsecured creditors to trade the debtor's securities with the appropriate "policies and procedures set forth herein, such as the Ethical Wall," the terms of which were substantially identical to those set forth in the Federated Order. Similarly, in the case of Lernout & Hauspie Speech Products N.V., et al., Case No. 91-803 (HSB), the Delaware Bankruptcy Court entered an order (November 15, 2001) (the "L&H Order") that permitted trading of the debtor's securities by members of the official unsecured creditor's committee that "establish, effectively implement, and strictly adhere to the policies and procedures set forth herein... the following information-blocking procedures." The terms of the L&H Order were substantially similar to the terms of the Federated Order and

the NationsRent Order.[3]

13. The Committee believes that any current or future Members that engage in the business of trading Securities should not be precluded from trading in Securities of any member of the NOR Group during their tenure on the Committee. As recognized by the SEC in Federated, the Members have resources and experience, including knowledge of the Debtors' business, industry and capital structure, that render them particularly valuable for official creditors' committee service. In addition, because the Members are among the NOR Group's largest creditors (or representatives thereof), they have an incentive to pursue the Committee's work diligently toward the goal of promptly confirming a chapter 11 plan.

14. Beyond any negative consequences it would have in this case, denial of the relief sought herein also would discourage large creditors with expertise and experience in reorganizations from joining creditors' committees in other cases, despite the presumption in the Bankruptcy Code that the committee shall "ordinarily" consist of the largest creditors. See 11 U.S.C. § 1102(b)(1). Creditors that perform investment advisory services, or who buy and sell Securities or other financial assets for their own account, simply should not be forced into the choice of serving on the Committee and risking the loss of beneficial investment opportunities for their clients or foregoing service and possibly compromising those same responsibilities by taking a less active role in the reorganization.

---

[3] In addition, in orders dated October 19, 2000, September 21, 1999, and December 21, 1998, in the respective chapter 11 cases of GST Telecom, Inc., et al., Case No. 00-1982 (GMS), ICO Global Communications Services Inc., et al., Case No. 99-2933 (MFW), and Acme Metals Inc., Case No. 982179 (MFW), the Delaware Bankruptcy Court has permitted members of official creditors' committees to trade in the debtors' securities during the pendency of such cases provided that the committee members established and implemented Ethical Wall procedures (orders attached as Exhibit A hereto).

15. Accordingly, the Committee seeks entry of an order that will permit a procedural mechanism for the authorized trading of Securities by the Members. There is no impediment in the federal securities laws or the Bankruptcy Code to the relief sought by the Committee. Indeed, for some time now, the SEC has recognized the value and legitimacy of Ethical Walls in the securities law context. As the Delaware Bankruptcy Court and other bankruptcy courts have repeatedly recognized, there is no reason why Ethical Wall procedures cannot be just as useful in the bankruptcy context.

16. For the foregoing reasons, the Committee respectfully submits that the Members should be permitted to trade in the Securities during the pendency of these cases on the condition that such Members establish and effectively implement policies and procedures, such as an Ethical Wall, to prevent the misuse of material non-public information obtained by the Members in their official capacities.

## NOTICE

17. No trustee or examiner has been appointed in this chapter 11 case. Notice of this Motion has been given to the Office of United States Trustee, counsel to the Debtor, counsel to the Debtor's pre-petition and post-petition secured lending groups, parties that have requested service pursuant to Fed. R. Bankr. P. 2002 in this case, and the SEC. The Committee submits that no further notice is required.

18. The Committee is currently discussing the substance of the Motion with the Office of the United States Trustee.

## WAIVER OF MEMORANDUM OF LAW

19. Because this Motion presents no novel issues of law, and the authorities relied upon by the Committee are set forth herein, the Committee waives its right to file a

memorandum in support of this Motion pursuant to D. Del. L.R. 7.1.2, except that the Committee reserves the right to file a brief in reply to any objection or response to this Motion.

## NO PRIOR REQUEST

20.     No previous motion for the relief requested herein has been made to this or any other court relative to this case.

## CONCLUSION

**WHEREFORE**, the Committee respectfully requests the entry of an order (the "Order"), substantially in the form annexed as Exhibit B hereto, which provides that:

(i)     Members and their Affiliates may participate in any Transactions in the Securities pursuant to the conditions of the Order, and subject to the protections herein, without the necessity of filing a Bound-by-Order Notice;

(ii)    each party electing to avail itself, or its Affiliates, to the Order shall remain bound by the terms and conditions herein until such party files an Unbound-by-Order Notice. An Unbound-by-Order Notice filed by any Member of an Affiliated group shall be effective as to all members of such group. No Unbound-by-order Notice shall permit any entity to make any unlawful use of any material nonpublic information;

(iii)   that the provisions of the Order shall apply and inure to the benefit of all present Members as well as any entities that become members of the Committee including their successors and assigns, after the date hereof.

and grants any other relief that this Court deems just and appropriate under the circumstances.

Dated: October 17, 2003
      Wilmington, Delaware

                                      THE BAYARD FIRM

                                      */s/ Eric M. Sutty*
                                      Neil B. Glassman (No. 2087)
                                      Charlene Davis (No. 2336)
                                      Eric M. Sutty (No. 4007)
                                      222 Delaware Avenue, Suite 900
                                      P.O. Box 25130
                                      Wilmington, Delaware 19899
                                      (302) 655-5000

                                      -and-

                                      Alan W. Kornberg
                                      Marc F. Skapof
                                      Ephraim I. Diamond
                                      Talia Gil
                                      PAUL, WEISS, RIFKIND, WHARTON
                                        &amp; GARRISON LLP
                                      1285 Avenue of the Americas
                                      New York, New York 10019-6064
                                      (212) 373-3000


                                      Proposed Counsel for the Official Committee of
                                      Unsecured Creditors