# EXHIBIT A

Service: Get by LEXSEE®
Citation: 1991 Bankr. LEXIS 288

*1991 Bankr. LEXIS 288, ** 

IN THE MATTER OF FEDERATED DEPARTMENT STORES, INC., ALLIED STORES CORPORATION, ET AL, Debtors

Consolidated Case No. 1-90-00130 Chapter 11, Document 3702

UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF OHIO, WESTERN DIVISION

1991 Bankr. LEXIS 288

March 7, 1991, Filed

**CORE TERMS:** personnel, trading, non-public, blocking, nonpublic, subordination, disallowance, subjecting, violating, pendency

**JUDGES:** [*1]

J. Vincent Aug, Jr., United States Bankruptcy Judge.

**OPINIONBY:** AUG

**OPINION:** ORDER PERMITTING SECURITIES TRADING IN CERTAIN CIRCUMSTANCES

Upon the Motion of Fidelity Management & Research Company, ("Fidelity"), a member of the Official Bondholders' Committee (the "Committee") of Allied Stores Corporation ("Allied"), for an order determining that Fidelity will not be violating its duties as a Committee member (and accordingly will not be subjecting its claims to possible disallowance, subordination, or other adverse treatment) by trading in securities of Allied, co-debtor Federated Department Stores, Inc. ("Federated"), and Ralphs Grocery Company ("Ralphs"), a non-debtor, during the pendency of the Allied and Federated Cases (the "Cases"), provided that Fidelity establishes and effectively implements policies and procedures to prevent the misuse of nonpublic information obtained through its activities as a Committee member; and this Court having considered Fidelity's Motion and accompanying Memorandum of Law, setting forth the information blocking devices Fidelity proposes to employ; the Memorandum of the Securities and Exchange Commission; the Statement of the Securities Industry Association and [*2] Certain Members of the Council of Institutional Investors; the Joinder of Caywood-Christian Capital Management; the Response of the Federated Bondholders Committee; the Response of Debtors; and the Response of the United States Trustee; and Memorandum of the U.S. Trustee opposing Fidelity's Motion (Doc. 3469); and the Court having concluded that the motion should be granted; it is hereby

ORDERED, that Fidelity will not be violating its fiduciary duties as a committee member and accordingly, will not be subjecting its claims to possible disallowance, subordination, or other adverse treatment, by trading in securities of the Debtors and Ralphs during the pendency of these Cases, provided that Fidelity employs an appropriate information blocking device or "Chinese Wall" which is reasonably designed to prevent Fidelity trading personnel from receiving any nonpublic committee information through Fidelity committee personnel and to prevent Fidelity committee personnel from receiving information regarding Fidelity's trading in securities of the Debtors or Ralphs in advance of such trades; and it is further

Case 1:05-cv-00209-JJF    Document 3-3    Filed 04/11/2005    Page 3 of 20

Get a Document - by Citation - 1991 Bankr. LEXIS 288                    Page 2 of 2

ORDERED, that the "Chinese Wall" procedures to be employed by Fidelity if its wishes [*3] to trade in securities of the Debtors and Ralphs shall include the following information blocking procedures: (1) Fidelity shall have all personnel who will have access to nonpublic information in the bankruptcy proceeding ("committee personnel") execute a letter acknowledging that they may receive non-public information and that they are aware of the "Chinese Wall" procedures which are in effect with respect to the Debtors and Ralphs; (2) Fidelity committee personnel will share non-public Committee information with no other Fidelity employees (except the General Counsel for the purpose of rendering legal advice to committee personnel and who will not share such non-public committee information with other Fidelity employees); (3) Fidelity committee personnel will maintain all files containing non-public information generated from committee activities in cabinets inaccessible to other employees; (4) Fidelity committee personnel will receive no information regarding Fidelity's current securities trades in advance of such trades, except that committee personnel may receive reports on Fidelity's ownership of the securities represented by the Committee no more frequently than monthly; [*4] (5) Fidelity compliance department personnel shall review Fidelity's trades in securities of the Debtors and Ralphs to confirm that such trades were made in compliance with the "Chinese Wall" procedures and shall keep and maintain records of their review; provided, however, this Order is not intended to preclude the Court from taking any action it may deem appropriate in the event that it is determined that an actual breach of fiduciary duty has occurred because the procedures employed are not so effective or for reasons unrelated to the fact of Fidelity's ability to trade based upon the establishment of the procedures set forth in this Order; and it is further

ORDERED, that with respect to the Joinder of Caywood-Christian Capital Management and certain other members of the Committee, such joining parties shall be covered by this Order (i) only if they are engaged in the trading of securities as a regular part of their business, and (ii) such entity files with the Court a copy of the information blocking devices they propose to employ.

Dated: Cincinnati, Ohio
March 7, 1991
SO ORDERED:

Service: **Get by LEXSEE®**
Citation: **1991 Bankr. LEXIS 288**
View: Full
Date/Time: Thursday, October 9, 2003 - 9:42 AM EDT

* Signal Legend:
● - Warning: Negative treatment is indicated
⚠ - Caution: Possible negative treatment
♦ - Positive treatment is indicated
🅐 - Citing Refs. With Analysis Available
🅘 - Citation information available
* Click on any *Shepard's* signal to *Shepardize®* that case.

About LexisNexis | Terms and Conditions

Copyright © 2003 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

ORIGINAL

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| NATIONSRENT, INC., | ) | |
| a Delaware corporation, et al., | ) | Case No. 01-11628 (PJW) |
| | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | M.: # 317 |

### ORDER PERMITTING SECURITIES
### TRADING UPON ESTABLISHMENT OF ETHICAL WALL

Upon the motion dated February 28, 2002 (the "Motion"), of the Official Committee of Unsecured Creditors (the "Committee") of NationsRent, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") for an order permitting the Members[1] of the Committee to trade in the NR Group's Securities (as defined below) upon the establishment and implementation of Ethical Walls and in accordance with the terms and conditions of this Order; and due and proper notice of the Motion having been given; and no adverse interest being affected; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED, that the Motion is granted; and it is further

ORDERED, that any Member, acting in any capacity, shall not violate (and shall not be deemed to have violated) its fiduciary duties as a Committee member and, accordingly, will not subject its claims to possible disallowance, subordination, or other adverse treatment to the extent that such Member and/or its Affiliates (collectively, the "Ethical Wall Entity") trades

---

[1] Capitalized terms used herein and not otherwise defined have the meanings ascribed to them in the Motion.

1

in the stock, notes, bonds, or debentures of any one or more members of the NR Group, or participations in or derivatives, based upon or relating to, any of the debt obligations or other claims or equity interests of any one or more members of the NR Group (whether or not covered by Bankruptcy Rule 3001(e)), which constitute "securities" within the meaning of applicable state or federal securities laws or both (collectively, the "Securities") during the pendency of these cases, provided, however, such Ethical Wall Entity establishes, effectively implements, and strictly adheres to the policies and procedures set forth herein, such as the Ethical Wall (as defined in the Motion), to prevent the Ethical Wall Entity's trading personnel from the misuse of non-public information obtained through such Ethical Wall Entity's designated personnel's ("Committee Personnel") performance of Committee-related activities and to prevent Committee Personnel from receiving information regarding such Ethical Wall Entity's trading in Securities in advance of such trades; and it is further;

ORDERED, that the Ethical Wall procedures to be employed by an Ethical Wall Entity, if it wishes to trade in Securities, shall include the following information-blocking procedures: (a) the Ethical Wall Entity shall cause all Committee Personnel to execute a letter acknowledging that they may receive non-public information and that they are aware of this order and the Ethical Wall procedures which are in effect with respect to the Securities; (b) Committee Personnel will not share non-public Committee information with any other employees of such Ethical Wall Entity other than in compliance with the Ethical Wall procedures (except (a) senior management of such Ethical Wall Entity who, due to their duties and responsibilities, have a legitimate need to know such information, provided that such individuals (i) otherwise comply with the Ethical Wall, and (ii) use such information only in connection with their senior managerial responsibilities, and (b) regulators, auditors, and designated legal personnel for the purpose of rendering legal advice to Committee Personnel and who will not

share such non-public information generated from Committee activities with other employees and will keep such non-public information in files in accessible to other employees); (3) Committee Personnel will keep non-public information generated from Committee activities in files (including electronic files) inaccessible to other employees; (4) Committee Personnel will receive no information regarding the Ethical Wall Entity's trades in Securities in advance of such trades, except that Committee Personnel may receive the usual and customary internal and public reports showing the Ethical Wall Entity's purchases and sales and the amount and class of securities owned by such Ethical Wall Entity, including the Securities; and (5) the Ethical Wall Entity's compliance department personnel or internal counsel shall review from time to time the Ethical Wall procedures employed by the Ethical Wall Entity as necessary to ensure compliance with this Order and shall keep and maintain records of their review; <u>provided, however</u>, that this Order is not intended to preclude the Court from taking any action it may deem appropriate in the event that it is determined that an actual breach of fiduciary duty has occurred because the procedures employed have not been effective or for reasons unrelated to the fact of the Ethical Wall Entity's ability to trade based upon the establishment of the procedures set forth in this Order; and it is further

ORDERED, that this Order shall apply to an Ethical Wall Entity only if it is engaged in trading of Securities as a regular part of its business from the date of his or its appointment to the Committee; and it is further

ORDERED, that nothing set forth in the Motion or this Order shall constitute an admission by any party or a finding by this Court that debt obligations of the Debtors, whether arising under any credit agreements or otherwise, constitute "securities" for the purpose of the securities law; and it is further

ORDERED that this Court retains jurisdiction to construe and enforce the terms of this Order.

Dated: Wilmington, Delaware
     April 2, 2002

_____
HONORABLE PETER J. WALSH
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

FILED
JAMES J. WA ~~~~
NOV 15 2001
U.S. BANKRUPTCY
CAMDEN, 
DEPUTY

| In re: | |
|---|---|
| LERNOUT & HAUSPIE SPEECH PRODUCTS N.V., et al., | Chapter 11 |
| | Case Nos. 00-4397 (JHW) through 00-4399 (JHW) |
| Debtors. | (Jointly Administered) |

## ORDER PERMITTING SECURITIES
## TRADING IN CERTAIN CIRCUMSTANCES

Upon the application (the "Application") of the Official Committee of Unsecured Creditors (the "Dictaphone Committee") of Dictaphone Corporation for an order permitting the trading in the securities of Lernout & Hauspie Speech Products N.V. ("L&H") by members of the Dictaphone Committee (each, a "Member" and collectively, the "Members") under the circumstances specified therein, and due and proper notice of the Application having been given, and after due deliberation, and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Application is granted in its entirety.

2. Any Member, acting in any capacity, will not violate its fiduciary duties as a Member and, accordingly, will not subject its claims to possible disallowance, subordination or other adverse treatment, to the extent that such Member and/or its affiliates, acting in any capacity, trades in L&H's stock, notes, bonds, debentures, participations in any of L&H's debt obligations or other claims (collectively, the "Securities") during the pendency of these cases; provided that, such Member establishes, effectively implements and strictly adheres to the policies and procedures set forth herein to prevent the trading in the Securities on the basis of

CWTNYLIB1\587330.3

non-public information obtained through the Member's participation in Dictaphone Committee-related activities.

3. Each Member that wishes to trade in the Securities shall employ the following information-blocking procedures: (a) the Member shall cause all Member personnel with access to non-public information in the bankruptcy proceeding ("Dictaphone Committee Personnel") to execute a letter acknowledging that they may receive non-public information and that they are aware of this order and the information-blocking policies and procedures in effect with respect to the Securities; (b) Dictaphone Committee Personnel shall not share non-public Dictaphone Committee information with any other Member employee (except regulators, auditors, designated legal personnel for the purpose of rendering legal advice to Dictaphone Committee Personnel, and other Member personnel not involved in trading activities or portfolio decisions, all of whom may not share such non-public Dictaphone Committee information with any other Member employee); (c) Dictaphone Committee Personnel shall maintain all non-public information generated from Dictaphone Committee activities in files which are inaccessible to other employees of such Member; (d) Dictaphone Committee Personnel shall not receive any information regarding such Member's trades in Securities in advance of such trades other than the usual and customary internal and public reports showing the Member's purchases and sales and the amount and class of securities, including the Securities, owned by the Member; and (e) each Member's compliance department shall review from time to time the information blocking procedures to insure compliance with this Order and shall keep and maintain records of such review.

4. Each Member that wishes to trade in the Securities shall file with the Court an affidavit certifying that it has implemented the foregoing information-blocking procedures.

2

5. This order shall not preclude the Court from taking any action it may deem appropriate in the event that it is determined that an actual breach of a Member's fiduciary duty has occurred as a result of a defect in, or the ineffectiveness of, the information blocking procedures or for reasons unrelated to the Member's ability to trade based upon the establishment of such procedures.

6. This Order shall apply only to Members that are engaged in the trading of Securities as a regular part of their business.

Dated: Wilmington, Delaware
~~October~~ , 2001
November 15

_____
UNITED STATES BANKRUPTCY JUDGE

3

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| ACME METALS INCORPORATED; | ) | Case No. 98-2179 (MFW) |
| ACME STEEL COMPANY, | ) | |
| ACME PACKAGING COMPANY, | ) | |
| ALPHA TUBE CORPORATION, | ) | |
| ALABAMA METALLURGICAL | ) | (Jointly Administered) |
| CORPORATION, and ACME STEEL | ) | |
| COMPANY, INTERNATIONAL, INC., | ) | |
| | ) | |
| Debtors. | ) | |

## ORDER PERMITTING SECURITIES
## TRADING IN CERTAIN CIRCUMSTANCES

Upon the application of the Official Committee of Unsecured Creditors (the "Committee") of Acme Metals Incorporated and five of its direct and indirect subsidiaries (collectively, the "Debtors") for an order permitting members of the Committee to trade in the Debtors' securities in certain circumstances (the "Application"), and due and proper notice of the Application having been given, and after due deliberation, and sufficient cause appearing therefor; it is

**ORDERED**, that any Committee member acting in any capacity will not be violating its fiduciary duties as a Committee member and, accordingly, will not subject its claims to possible disallowance, subordination, or other adverse treatment, to the extent that any such Committee member and/or its

756603v2

affiliates (the "Securities Trading Committee Member") trades in the Debtors' stock, notes, bonds, debentures, participations in any of the Debtors' debt obligations or other claims not covered by Bankruptcy Rule 3001(e) (collectively, the "Securities") during the pendency of these cases, *provided that*, such Securities Trading Committee Member establishes, effectively implements and strictly adheres to policies and procedures, such as a Chinese Wall (as defined in the Application), to prevent the Securities Trading Committee Member's trading personnel from the misuse of non-public information obtained through the performance by such Securities Trading Committee Member's designated personnel ("Committee Personnel") of Committee-related activities and to prevent Committee Personnel from receiving information regarding such Securities Trading Committee Member's trading in Securities in advance of such trades; and it is further

ORDERED, that the Chinese Wall procedures to be employed by a Securities Trading Committee Member, if it wishes to trade in Securities, shall include the following information-blocking procedures: (i) the Securities Trading Committee Member shall cause all Committee Personnel to execute a letter acknowledging that they may receive non-public information and that they are aware of this order and the Chinese Wall procedures which are in effect with respect to the Securities; (ii)

Committee Personnel will not share non-public Committee information with any other employees of such Securities Trading Committee Member (except regulators, auditors and designated legal personnel for the purpose of rendering legal advice to Committee Personnel and who will not share such non-public Committee information with other employees); (iii) Committee Personnel will keep non-public information generated from Committee activities in files inaccessible to other employees; (iv) Committee Personnel will receive no information regarding the Securities Trading Committee Member's trades in Securities in advance of such trades, except that Committee Personnel may receive the usual and customary internal and public reports showing the Securities Trading Committee Member's purchases and sales and the amount and class of securities owned by such Securities Trading Committee Member, including the Securities; and (v) the Securities Trading Committee Member's compliance department personnel shall review from time to time the Chinese Wall procedures employed by the Securities Trading Committee Member as necessary to insure compliance with this Order and shall keep and maintain records of their review; <u>provided, however</u>, that this Order is not intended to preclude the Court from taking any action it may deem appropriate in the event that it is determined than an actual breach of fiduciary duty has

756603v2

-3-

occurred because the procedures employed have not been effective or for reasons unrelated to the fact of the Securities Trading Committee Member's ability to trade based upon the establishment of the procedures set forth in this Order; and it is further

**ORDERED**, that this Order shall apply to a Securities Trading Committee Member only if it is engaged in the trading of Securities as a regular part of its business.

Dated:   Wilmington, Delaware
         December 21, 1998

                                    _____
                                    MARY F. WALRATH
                                    UNITED STATES BANKRUPTCY JUDGE

756603v2                            -4-

**ORIGINAL**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------x
In re:                                           :
                                                 :    Chapter 11
                                                 :
GST TELECOM, INC., et al.,                       :    Case No. 00-1982 (GMS)
                                                 :
        Debtors                                  :    Jointly Administered
                                                 :
------------------------------------------------x

## ORDER PERMITTING SECURITIES TRADING
## UPON ESTABLISHMENT OF ETHICAL WALL

Upon the motion (the "Motion"), dated June 2, 2000, of the Official Committee of Unsecured Creditors (the "Committee") of GST Telecommunications, Inc., et al. (collectively, the "Debtors") for an order permitting members of the Committee to trade in the Debtors' securities upon establishment of an Ethical Wall (as defined in the Motion), and due and proper notice of the Motion having been given, and after due deliberation, and sufficient cause appearing therefor, it is hereby

ORDERED, that any Committee member acting in any capacity will not be violating its fiduciary duties as a Committee member and, accordingly, will not subject its claims to possible disallowance, subordination, or other adverse treatment, if any such Committee member and/or its affiliates (the "Trading Committee Member") trades in the Debtors' stock, notes, bonds, debentures, or participations in any of the Debtors' debt obligations or other claims not covered by Bankruptcy Rule 3001 (e) (collectively, the "Securities") during the pendency of these cases, provided that such Trading Committee Member establishes, effectively implements and strictly adheres to policies and procedures, such as an Ethical Wall, to prevent: (i) the

713

Trading Committee Member's trading personnel from the misuse of any non-public information obtained by such Trading Committee Member's designated representative(s) for Committee-related activities ("Committee Personnel"); and (ii) Committee Personnel from receiving information regarding such Trading Committee Member's trading in the Securities in advance of such trades; and it is further

ORDERED, that the Ethical Wall procedures to be employed by a Trading Committee Member, if it wishes to trade in the Securities, shall include the following information-blocking procedures: (i) the Trading Committee Member shall cause all Committee Personnel to execute a letter or other writing acknowledging that they may receive non-public information and that they are aware of this Order and the Ethical Wall procedures that are in effect with respect to the Securities; (ii) Committee Personnel will not share non-public Committee information with any other employees of such Trading Committing Member (except regulators, auditors and in-house legal personnel for the purpose of rendering regulatory, audit or legal advice, who will not share such non-public Committee information with trading personnel or other employees); (iii) Committee Personnel will keep non-public information generated from Committee activities in files that are inaccessible to other employees; (iv) Committee Personnel will receive no information regarding the Trading Committee Member's trades in the Securities in advance of such trades, except that Committee Personnel may receive the usual and customary internal and public reports showing the Trading Committee Member's purchases and sales and the amount and class of securities owned by such Trading Committee Member, including the Securities; and (v) the Trading Committee Member's compliance department personnel shall review from time to time the Ethical Wall procedures employed by the Trading Committee Member as necessary to ensure compliance with this Order and shall keep and maintain records

of their review; provided, however, that this Order is not intended to preclude the Court from taking any action it may deem appropriate in the event that it is determined than an actual breach of fiduciary duty has occurred because the procedures employed have not been effective or for reasons unrelated to the relief granted in this Order; and it is further

ORDERED, that the provisions of this Order shall apply and inure to the benefit of all present Committee members, as well as any entities that become members of the Committee after the date hereof; and it is further

ORDERED, that this Order shall apply to a Trading Committee Member only if it is engaged in the trading of securities as a regular part of its business.

Dated: Wilmington, Delaware
June 19, 2000

_____
UNITED STATES DISTRICT JUDGE

173750

3

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------x
In re:                                    :
                                          :   Chapter 11
                                          :
ICO GLOBAL COMMUNICATIONS                 :   Case No. 99-2933 (MFW)
SERVICES INC., et al.,                    :
                                          :   Jointly Administered
            Debtors.                      :
                                          :
------------------------------------------x

## ORDER PERMITTING SECURITIES TRADING
## UPON ESTABLISHMENT OF ETHICAL WALL

Upon the motion (the "Motion") of the Official Committee of Unsecured Creditors (the "Committee") of ICO Communications Services Inc., et al. (collectively, the "Debtors") for an order permitting members of the Committee to trade in the Debtors' securities upon establishment of an Ethical Wall (as defined in the Motion), and due and proper notice of the Motion having been given, and after due deliberation, and sufficient cause appearing therefor, it is hereby

ORDERED, that any Committee member acting in any capacity will not be violating its fiduciary duties as a Committee member and, accordingly, will not subject its claims to possible disallowance, subordination, or other adverse treatment, to the extent that any such Committee member and/or its affiliates (the "Trading Committee Member") trades in the Debtors' stock, notes, bonds, debentures, participations in any of the Debtors' debt obligations or other claims not covered by Bankruptcy Rule 3001 (e) (collectively, the "Securities") during the pendency of these cases, provided that, such Trading Committee Member establishes, effectively implements, and strictly adheres to policies and procedures, such as an Ethical Wall, to prevent

NY2:#4323383v2

the Trading Committee Member's trading personnel from the misuse of non-public information obtained through such Trading Committee Member's designated representative(s) for Committee-related activities ("Committee Personnel") and to prevent Committee Personnel from receiving information regarding such Trading Committee Member's trading in the Securities in advance of such trades; and it is further

ORDERED, that the Ethical Wall procedures to be employed by a Trading Committee Member, if it wishes to trade in the Securities, shall include the following information-blocking procedures: (i) the Trading Committee Member shall cause all Committee Personnel to execute a letter or other writing acknowledging that they may receive non-public information and that they are aware of this Order and the Ethical Wall procedures which are in effect with respect to the Securities; (ii) Committee Personnel will not share non-public Committee information with any other employees of such Trading Committing Member (except regulators, auditors and in-house legal personnel for the purpose of rendering regulatory, audit or legal advice, who will not share such non-public Committee information with trading personnel or other employees); (iii) Committee Personnel will keep non-public information generated from Committee activities in files that are inaccessible to other employees; (iv) Committee Personnel will receive no information regarding the Trading Committee Member's trades in the Securities in advance of such trades, except that Committee Personnel may receive the usual and customary internal and public reports showing the Trading Committee Member's purchases and sales and the amount and class of securities owned by such Trading Committee Member, including the Securities; and (v) the Trading Committee Member's compliance department personnel shall review from time to time the Ethical Wall procedures employed by the Trading Committee Member as necessary to ensure compliance with this Order and shall keep and maintain records

NY2:#4323383v2                        2

of their review; <u>provided, however,</u> that this Order is not intended to preclude the Court from taking any action it may deem appropriate in the event that it is determined than an actual breach of fiduciary duty has occurred because the procedures employed have not been effective or for reasons unrelated to the relief granted in this Order; and it is further

ORDERED, that the provisions of this Order shall apply and inure to the benefit of entities that become members of the Committee after the date hereof; and it is further

ORDERED, that this Order shall apply to a Trading Committee Member only if it is engaged in the trading of securities as a regular part of its business.

Dated: Wilmington, Delaware
September 21, 1999

_____
UNITED STATES BANKRUPTCY JUDGE

cc: L. Jones, Esq.
9/22/99

NY2:#4323383v2                     3

Movant to send copies to all parties and file certificate of service with the court.