IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NORTHWESTERN CORPORATION,<br><br>Debtor. | Chapter 11<br><br>Case No. 03-12872 (CGC) |

**MOTION FOR EXPEDITED TELECONFERENCE ON EMERGENCY MOTION
OF MAGTEN ASSET MANAGEMENT CORPORATION FOR CLARIFICTION
OF THE RULING TO LIFT THE AUTOMATIC STAY ISSUED AT
THE HEARING HELD ON APRIL 8, 2004**

Magten Asset Management Corporation, *("Magten")* through counsel, hereby moves (the *"Motion"*) this Court, pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure (the *"Bankruptcy Rules"*) and Rules 9006-1(e) and 9006-2 of the Local Rules of Bankruptcy Practice and Procedures of the United States Bankruptcy Court for the District of Delaware (the *"Local Rules"*) for an order setting an expedited teleconference to clarify the ruling by this Court on April 8, 2004, granting Magten's Motion to Lift the Stay and Commence an Adversary Proceeding against the Debtor (the *"Lift Stay Motion"*). In support of this Motion, Magten states as follows:

1.  On April 8, 2004, this Court granted the Lift Stay Motion and, as Magten understood it, further provided that any such adversary proceeding be commenced within ten days of the entry of the order. The Court then instructed the Debtor to settle an order on notice. Debtor's counsel then explained to the Court that he would be on vacation until the end of the week and that the order would be circulated thereafter. Subsequently, a dispute has arisen because the Debtor, and counsel to Credit Suisse First Boston (*"CSFB"*) have argued that the applicable ten-day period began to run *nunc pro tunc* from the date of the hearing.

120087.01600/40138516v1

2. In addition to asserting that the ten day period within Magten must file its complaint runs *nunc pro tunc* from the date of the hearing, counsel for CSFB has claimed that this Court's ruling on the Lift Stay Motion somehow requires that any and all claims that may be asserted against CSFB must be asserted within the ten day period or they will be forever barred.[1] Magten was surprised at this argument because this issue was not even briefed or argued. In addition, such a broad third-party release in the context of a lift stay motion would be unprecedented and would be wholly inconsistent with the Bankruptcy Code. Out of an abundance of caution, Magten seeks clarification from the Court on this issue.[2]

3. Magten requests that the Court hold a teleconference to clarify its ruling granting the Lift Stay Motion on an expedited basis and requests that the teleconference be scheduled at the earliest time permitted by the Court's schedule. Magten respectfully submits that there is a sufficient basis to consider the Motion on an expedited basis.

4. Though Magten and CSFB have attempted to resolve this issue consensually we have been unable to reach a resolution. Therefore, in light of the prejudice that Magten will suffer if the time within which to commence a proceeding expires without clarification, Magten respectfully submits that this case warrants expedited consideration of the Motion. Magten also requests that the Court enter an order granting the Lift Stay Motion substantially in the form attached hereto as Exhibit A.

---

[1] Although Magten believes that the ten day period only runs from the entry of the Order granting the Lift Stay Motion, on April 16, 2004, Magten nevertheless filed its complaint against the Debtor. Prior to filing its complaint, Magten received written confirmation from the Debtor that the Debtor would not assert that Magten violated the automatic stay by commencing an adversary proceeding prior to the entry of the order granting the Lift Stay Motion. In addition, on April 18, 2004, Magten and counsel to CSFB agreed to toll the ten say period so as to allow time for the preparation of the transcript of the April 8 hearing. However, having been unable to consensually resolve these issues even after consulting the transcript, Magten now seeks clarification from this Court.

5. Notice of this request is being provided to the Debtor and counsel to CSFB by electronic mail and regular mail on April 20, 2004.

**WHEREFORE**, Magten respectfully requests entry of an order setting an expedited teleconference to clarify the ruling by this Court on April 8, 2004, the entry of an order granting the Lift Stay Motion, and granting such other and further relief as may be just and proper.

Dated: April 20, 2004

**BLANK ROME LLP**

_____
William J. Burnett (DE No. 4078)
1201 Market Street, Suite 800
Wilmington, DE 19801
Telephone:    (302) 425-6400
Facsimile:    (302) 425-6464

- and -

**FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP**
Bonnie Steingart
Gary Kaplan
One New York Plaza
New York, NY 10004
Telephone: (212) 859-8000
Facsimile:   (212) 859-4000

Counsel for Magten Asset Management Corporation

---

[2] Pursuant to Local Rule 9006-2, if counsel to CSFB is correct in its assertion that all claims, including third-party claims against CSFB must be brought within 10 days of the hearing, such time has been automatically extended pending the clarification sought by this Motion.

120087.01600/40138516v1