UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NORTHWESTERN CORPORATION, | ) | Case No.: 03-12872 (CGC) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | **Re: Docket No. 1143** |
| | ) | |

**RESPONSE OF CREDIT SUISSE FIRST BOSTON,
AS ADMINISTRATIVE AGENT, TO MOTION OF
MAGTEN ASSET MANAGEMENT CORPORATION
FOR AN ORDER SETTING AN EXPEDITED TELEPHONE
CONFERENCE TO CLARIFY THE RULING OF THE COURT ON
APRIL 8, 2004 GRANTING MAGTEN RELIEF FROM THE
AUTOMATIC STAY TO COMMENCE ADVERSARY
<u>PROCEEDING SEEKING TO AVOID FRAUDULENT TRANSFER</u>**

Credit Suisse First Boston, acting through its Cayman Islands Branch, as Administrative Agent, Lead Arranger and Sole Book Runner ("CSFB") under the Amended and Restated Credit Agreement, dated November 10, 2003 by and among Northwestern Corporation (the "Debtor"), various lender parties thereto and CSFB, by and through its undersigned co-counsel, hereby submits this response (the "Response") to the motion (the "Motion") of Magten Asset Management Corporation ("Magten") for an order setting an expedited telephone conference to clarify the ruling by this Court on April 8, 2004, granting Magten relief from the automatic stay to commence adversary proceeding seeking to avoid fraudulent transfer (the "Lift Stay Motion"). In support of the Response, CSFB respectfully represents as follows:

ny-566355

## **BACKGROUND AND RESPONSE TO THE MOTION**

1. On or about March 17, 2004, Magten filed the Lift Stay Motion, seeking an order granting relief from the automatic stay to commence an adversary proceeding (the "Adversary Proceeding") seeking to avoid an allegedly fraudulent transfer.

2. On April 8, 2004 (the "Hearing"), the Court granted the Motion, but limited the relief sought by Magten. A dispute has now arisen between Magten and CSFB as to the form of the order granting the Lift Stay Motion. While CSFB has no objection to Magten's request for an expedited telephonic hearing to resolve the issues raised by Magten (despite the fact that CSFB sees no need for clarification, as discussed below), the Motion contains several factual inaccuracies to which a response is required.

3. Contrary to Magten's assertions in the Motion, the Court clearly and unambiguously stated at the Hearing that Magten <u>must file the Adversary Proceeding within 10 days of the Hearing or be forever barred from doing so, and directed Magten that it must initiate the Adversary Proceeding against both the Debtor and CSFB, if applicable, within that 10 day period.</u> In furtherance of this ruling, the Court stated as follows:

> At the same time most parties acknowledged that these are issues that have been lurking around in this case, and need to be resolved at some level in order to move the process of reorganization along. With regard to the motion for [relief] from stay, the debtor also made the point that it did not think that cause had been shown [and] that this matter could in fact be resolved through the claims process and was concerned that there had been no evidence presented under the written materials that were filed by Magten. It seems to me that it's in the best interest of all parties here to flush these issues out and to allow them to be resolved. So I'm going to grant the motion of Magten to file for a lawsuit under the condition **I'm also going to direct them to file the lawsuit within 10 days.** Then I think the issue of standing, availability of the remedy and everything else can be resolved in the context of the litigation,

ny-566355

2

> through a motion to dismiss, a [motion] for summary judgment or whatever is appropriate. CSFB has taken the position that it doesn't really matter because their liens are past these assets **in any event to the extent that Magten is seeking any relief against CSFB, it needs so to state...**

See Transcript, pp. 103-6 through 104-8 (emphasis supplied). For the Court's convenience, a copy of the Transcript is attached hereto as Exhibit A.

4. As set forth in the above-described ruling, there is no question that the Court intended that (i) the 10 day period begin to run immediately following the Hearing and (ii) Magten name all parties and identify all defendants, including CSFB, prior to the expiration of the 10 day period, or be forever barred from doing so.

5. Moreover, CSFB did not "agree to toll the 10 day period" as to filing claims against CSFB indefinitely as implied by Magten in the Motion at Footnote 1. Instead, during conversations amongst counsel on April 19, 2004, CSFB agreed to toll the expiration of the 10 day period for one day until April 20, 2004, the date that the Transcript of the Hearing was to be obtained and circulated.

6. Finally, Magten has implied in the Motion that the Court lacks jurisdiction to issue an order requiring Magten to join CSFB as a defendant in the Adversary Proceeding within the 10 day period. If indeed it was Magten's intent to dispute this Court's jurisdiction to issue such an order, it did not raise that dispute at the Hearing, nor has it offered any support herein for that position. In fact, based on the above-quoted passage from the Transcript, as well as controlling precedent in the Third Circuit, the Court is well within its right to issue such an order based on, *inter alia*, its "related to" jurisdiction over this dispute conferred pursuant to 28 U.S.C. § 157(c); see also Pacor v. Higgins, 732 F.2d 984 (3rd Cir. 1984).

WHEREFORE, CSFB respectfully requests that the Court (i) issue an order setting an expedited teleconference to clarify the April 8, 2004 ruling as to the Lift Stay Motion and

(ii) grant such other relief as it deems just and proper.

Dated: April 21, 2004
       Wilmington, Delaware

                ROSENTHAL, MONHAIT, GROSS & GODDESS

                /s/ Kevin Gross
                Kevin Gross (DE No. 209)
                919 North Market Street
                Mellon Bank Center, Suite 1401
                Wilmington, DE 19801
                Tel.: (302) 656-4433
                Fac.: (302) 658-7567

                -and –

                Mark B. Joachim
                Jason C. DiBattista
                MORRISON & FOERSTER LLP
                1290 Avenue of the Americas
                New York, New York 10104
                Tel.: (212) 468-8000
                Fac.: (212) 468-7900

                Co-Counsel for Credit Suisse First Boston,
                acting through its Cayman Islands Branch, as
                Administrative Agent, Lead Arranger and Sole
                Book Runner