DEL-SRV01\128543v01 IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br>NORTHWESTERN CORPORATION, <br><br>        Reorganized Debtor. | Chapter 11 <br><br> Bankruptcy Case No. 03-12872 (JLP) |
| NORTHWESTERN CORPORATION, <br><br>        Plaintiff, <br><br>v. <br><br>MAGTEN ASSET MANAGEMENT CORPORATION and TALTON R. EMBRY, <br><br>        Defendants. | Adv. No. 04-55051 (JLP) |

## NOTICE OF SERVICE OF SUBPOENA

TO:   List on attached Certificate of Service

**PLEASE TAKE NOTICE** that a true and correct copy of the attached subpoena directed to Capital Institutional Service was served in accordance with Federal Rule of Civil Procedure 45, as made applicable to these proceedings by Federal Rule of Bankruptcy Procedure 9016.

Dated: December 8, 2004

GREENBERG TRAURIG, LLP

_____
Scott D. Cousins (No. 3079)
William E. Chipman, Jr. (No. 3818)
Paul D. Brown (No. 3903)
The Brandywine Building
1000 West Street, Suite 1540
Wilmington, DE 19801
(302) 661-7000

*Counsel For Debtor and
Debtor In Possession*

## CERTIFICATE OF SERVICE

I hereby certify that copies of **Notice of Service of Subpoena** were caused to be served on the ___8___ day of December, 2004 on the following counsel in the manner indicated:

**VIA HAND DELIVERY**
Elio Batista, Esq.
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, Delaware 19801
*Local Counsel for Magten Asset Management Corporation*

-and-

**VIA U.S. MAIL**
Gary Kaplan, Esq.
Fried, Frank, Harris, Shriver & Jacobsen LLP
One New York Plaza
New York, New York 10004
*Counsel for Magten Asset Management Corporation*

- and –

**VIA HAND DELIVERY**
Eric M. Sutty, Esq.
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE 19801
*Official Committee of Unsecured Creditors*

- and –

**VIA U.S. MAIL**
Alan W. Kornberg, Esq.
Marc D. Skapof, Esq.
Ephraim I. Diamond, Esq.
Tailia Gil, Esq.
Paul Weiss Rifking Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019
*Official Committee of Unsecured Creditors*

This ___8___ day of December, 2004.

_____
William E. Chipman, Jr. (No. 3818)

AO88 (Delaware Rev. 7/00) Subpoena in a Civil Case

## Issued by the
## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION.

In re:

**Northwestern Corporation**

Debtor.

**SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE**
Chapter 11
Case No. 03-12872 (JLP)
Adv. Pro. No. 04-55051 (JLP)
Pending in the U.S. Bankruptcy Court for the District of Delaware

TO:
Capital Institutional Service
750 North St. Paul Street
Suite 220
Dallas, Texas 75201

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case (see Schedule A hereto).

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| GREENBERG TRAURIG, LLP<br>600 Three Galleria Tower<br>13155 Noel Road<br>Dallas, Texas 75240 | January 6, 2005 at 9:30 a.m. EST |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (see Schedule B hereto).

| PLACE | DATE AND TIME |
|---|---|
| GREENBERG TRAURIG, LLP<br>600 Three Galleria Tower<br>13155 Noel Road<br>Dallas, Texas 75240<br>Attn: John K. Turner |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES |  |
|---|---|
|  | DATE AND TIME |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6)

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Attorney for Northwestern Corporation* | 12/6/04 |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER<br>John K. Turner, Esquire<br>GREENBERG TRAURIG, LLP<br>600 Three Galleria Tower, 13155 Noel Road<br>Dallas, Texas 75240<br>(972) 419-1250 |  |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

AO88 (Delaware Rev. 7/00) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | December 6, 2004 | 750 N. St. Paul Street, Suite 220<br>Dallas, TX 75201 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Capital Institutional Services | CERTIFIED RETURN RECEIPT REQUESTED<br># 7002 0460 0003 8927 4412 |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| John K. Turner | Attorney |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on December 6, 2004
DATE

SIGNATURE OF SERVER

Greenberg Traurig, LLP
13155 Noel Road, Suite 600
Dallas, TX 75240

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held , or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific evens or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## Schedule A

On January 6, 2005 at 9:30 a.m. E.S.T. at the offices of Greenberg Traurig, LLP, 600 Three Galleria Tower, 13155 Noel Road, Dallas, Texas 75240, the attorneys for NorthWestern Corporation will take the deposition of the Custodian of Records (the "Custodian") for Capital Institutional Service (the "Company"), upon oral examination before a Notary Public, or some other official authorized by law to take depositions. The deposition shall be recorded by stenographic means and/or by videotape. The oral examination will continue day to day until completed.

This deposition is being taken for pre-trial discovery, for use at trial, and for such other purposes as may be permitted by law. You are invited to attend and take such part as is fit and proper. The topics upon which the Custodian shall be prepared to testify are as follows:

1. Any brokerage accounts relating to Magten, any of its affiliates, and/or Embry.

2. Trades of stock or any securities of NorthWestern (as defined below, "NorthWestern" includes all of the Debtor's predecessors in interest) by Magten, any of its affiliates, and/or Embry.

3. The efforts undertaken to respond to the requests for documents set out in Schedule B to this subpoena.

## Schedule B

1. Documents sufficient to identify any brokerage accounts referring or relating to Magten, any of its affiliates, and/or Embry.

2. All documents referring or relating to Magten, any of its affiliates, and/or Embry, which concern trades of stock or any securities of NorthWestern (as defined below, "NorthWestern" includes all of the Debtor's predecessors in interest), including without limitation, trading records and broker notes.

3. All documents referring or relating to each trade by Magten of QUIPs of NorthWestern, including the date of the trade, the number of QUIPS purchased or sold, and the price at which the QUIPs were purchased or sold.

## DEFINITIONS

The following definitions apply to the Requests set forth in Schedules A and B above:

A. As used herein, "document" and "documents" shall have the same meaning and be equal in scope to the same term defined in Rule 34(a) of the Federal Rules of Civil Procedure, and include any written, printed, typed, recorded or graphic matter, whether produced or reproduced or stored on paper, cards, tapes, films, computer storing devices or any other media and includes, without limiting the generality of the foregoing: photographs, negatives, correspondence, telegrams, other written communications, contracts, receipts, agreements, notes, memoranda, recordings, computer printouts or media, data processing storage units, microfilm, microfiche, punch cards, computer programs, printouts, tapes, disks, cassettes, electronic mail records, voicemail, video and videotapes, analysis, projections, work papers, orders, invoices, diaries, calendars, desk calendars, minutes, affidavits, books, objects, photographs, cables, telex messages, facsimiles, telephone messages, transcripts, summaries, opinions, proposals, reports, studies, surveys, films, evaluations, journals, appointment books, lists, tabulations, bills, invoices or any other writings, including non-identical copies and drafts of any of the foregoing in the possession, custody or control of the Debtor, its agents, representatives or any other person(s) or corporation(s) acting in a consulting or advisory capacity or acting on behalf of the foregoing, including their attorneys or accountants. When one or more of the foregoing documents is requested or referred to, the request or reference shall include, but is not limited to, the original and each and every copy and draft thereof having writings, notations, corrections or markings peculiar to such copy or draft.

B.  As used herein, "Debtor" or "NorthWestern" means NorthWestern Corporation and each of its present and/or former agents, representatives, officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, predecessors, successors, and each person that has acted upon its behalf.

C.  As used herein, "Magten" means Magten Asset Management Corporation and each of its present and/or former agents, representatives, officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, predecessors, successors, and each person that has acted upon its behalf.

D.  As used herein, "Embry" means Talton R. Embry in any capacity whatsoever, whether or not acting in his individual capacity.

E.  As used herein, "QUIPS" means the Series A 8.45% Quarterly Income Preferred Securities issued by Montana Capital I, a business trust established pursuant to the Delaware Business Trust Act.

F.  As used herein, "person" means any natural person or any business, legal, or governmental entity or association.

G.  As used herein, "concerning" means relating to, referring to, describing, evidencing or constituting.

H.  As used herein, "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise). The term includes both communications and statements which are face-to-face and those which are transmitted by media such as intercom, telephone, television, radio, modem, fax, or electronic mail.

I.  Reference to any business, legal or governmental entity, or association shall be deemed reference to any and all of its predecessors, successors, affiliates and

subsidiaries, as well as any and all of its officers, directors, partners, employees, representatives, and agents.

J.  As used herein, "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of each demand all responses that might otherwise be construed to be outside their scope. "Any" includes the word "all" and "all" includes the word "any."

K.  The use of the singular herein shall be deemed to include the plural and the use of the plural shall be deemed to include the singular. The masculine gender of any word used herein includes the feminine and the feminine includes the masculine. The use of the past tense of a verb herein includes the present and the present tense includes the past.

## INSTRUCTIONS

A.  The foregoing Requests are continuing and require the service of supplemental responses in the event that the Debtor or anyone acting on the Debtor's behalf obtains, discovers or becomes aware of any additional documents responsive to these Requests.

B.  In the event that you may choose to withhold any document responsive to of any of these Requests on the basis of the claim of privilege, state for each such document the following: (i) the identity of each such document by author, addressee, persons to whom copies were furnished, and date together with a description of the subject matter of each such document; (ii) the nature of the privilege asserted; (iii) the identity of the attorney with respect to whom the privilege is claimed; and (iv) the basis for claiming the privilege as to the document.

C.  If any portion of any document is responsive, the entire document shall be produced. Moreover, if only a part of a document is protected by any privilege, the document shall be produced with only the privileged matter redacted.

D.  Documents shall be produced in the form and order in which they are kept and shall not be rearranged. Documents that are found stapled, clipped or otherwise fastened together shall be produced in such form. Moreover, if the documents are kept in a file with a file label, a copy of that label shall be produced together with the documents in the file.

E.  If any document responsive to these Requests once existed, but has been destroyed, discarded, or is otherwise not capable of being produced, furnish a list specifying each such document, why such document is not capable of being produced, and setting forth the date of the document, a description of the document, the name and address of each person who prepared and received the document, the date and manner of disposal of the document, and Persons currently in possession or likely to be in possession of copies of the document.

\v04