ORIGINAL

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NORTHWESTERN CORPORATION, | Case No. 03-12872 (CGC) |
| Debtor. | Ref. Docket No. 56 |

## ORDER ESTABLISHING DEADLINES FOR FILING PROOFS OF CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF

**UPON** the application (the "Application") by NorthWestern Corporation, a Delaware corporation (the "Debtor"), pursuant to Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for the entry of an order fixing deadlines for the filing of proofs of claim, establishing procedures for the filing of proofs of claims and approving the form and manner of the service of notice thereof; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and due notice of the Application having been given under the circumstances; and it appearing that no other or further notice is necessary or required; and the Court having determined that the relief requested in the Application is in the best interests of the Debtor, its estate, its creditors and other parties-in-interest; and after due deliberation and sufficient cause appearing therefore; it is hereby

**ORDERED** that the Application is **GRANTED**; and it is further

ATL/977119.2

**ORDERED**, that, except as otherwise provided herein, any Person[1] that wishes to assert a Claim that arose on or prior to the Petition Date against the Debtor shall file a Proof of Claim Form with respect to such Claim conforming to the requirements of this order so that it is received by the Claims Agent on or before **January 15, 2004 at 5:00 p.m. (Pacific Time)** (the "General Bar Date"), or be forever barred from doing so; and it is further

**ORDERED**, that notwithstanding any other provision hereof and except as otherwise provided herein, any Governmental Unit that wishes to assert a Claim that arose on or prior to the Petition Date against the Debtor shall file a Proof of Claim Form with respect to such Claim conforming to the requirements of this order so that it is received by the Claims Agent on or before **April 15, 2004 at 5:00 p.m. (Pacific Time)** (the "Governmental Unit Bar Date"), or be forever barred from doing so; and it is further

**ORDERED**, that the following procedures for the filing of Proof of Claim Forms shall apply:

> Proof of Claim Forms must conform substantially to Form No. 10 of the Official Bankruptcy Forms;
>
> Proof of Claim Forms must be filed by mailing the original, signed completed Proof of Claim Form, together with accompanying documentation, to: NorthWestern Corp. Claims Administration, c/o Kurtzman Carson Consultants LLC, 5301 Beethoven Street, Suite 102, Los Angeles, CA 90066-7066;
>
> Proof of Claim Forms will be deemed filed only when <u>received</u> by the Claims Agent on or before the General Bar Date (for Persons) or the Governmental Unit Bar Date (for Governmental Units);
>
> Proof of Claim Forms must (i) be signed; (ii) include supporting documentation (if such documents are voluminous, a summary may be attached) or an explanation as to why documentation is not available; (iii) be in the English language; (iv) use amounts that are denominated in

---

[1] Any capitalized term used herein but not otherwise defined shall have the meaning ascribed to such term in the Application.

ATL/977119.2                                  2

United States currency; and (iv) fill in box 5 of the Proof of Claim Form the amount you are asserting, which Claim amount shall be binding on such creditor as the maximum amount in which the Claim against the Debtor shall be allowed;

Proof of Claim Forms must specify the name of the Debtor and the case number of this Chapter 11 case; and it is further

**ORDERED**, that, at present, Proof of Claim Forms need <u>not</u> be filed by any Person or Governmental Unit holding or wishing to assert a Claim against the Debtor of the types set forth in clauses (a) through (i) below:

(a) Any holder of a Claim that has already filed a proof of claim against the Debtor with the Claims Agent (as defined below) in a form substantially similar to Official Bankruptcy Form No. 10;

(b) Any holder of a Claim whose Claim is listed on the Schedules filed by the Debtor, provided that (i) the Claim is <u>not</u> scheduled as "disputed," "contingent," or "unliquidated"; (ii) the claimant does not disagree with the amount, nature or priority of the Claim as set forth in the Schedules;

(c) Any holder of a Claim that heretofore has been allowed by order of this Court;

(d) Any holder of a Claim whose Claim has been paid in full by the Debtor;

(e) Any holder of a Claim for which specific deadlines have previously been fixed by this Court;

(f) Any non-debtor affiliate of the Debtor having a claim against the Debtor;

(g) Any holder of a Claim allowable under § 503(b) and § 507(a) of the Bankruptcy Code as an expense of administration;

(h) Any Person or Governmental Unit that has a claim against one of the Debtor's non-debtor affiliates, but not against the Debtor; and

(i) A holder of a claim for principal, interest and applicable fees and charges on a bond, note or debenture, <u>provided</u> that (i) any Indenture Trustee for such instrument files a proof of claim on or prior to the relevant bar date pursuant to the procedures set forth in the order approving this Application, and (ii) to the extent a holder wishes to file a proof of claim for damages in connection with its ownership, purchase or sale of the applicable instrument, such holder must itself file a proof of claim related to such damages on or prior to the relevant bar date pursuant to the procedures set forth in the order approving this Application.

**ORDERED**, that any creditor that holds a claim arising out of the rejection of an executory contract or unexpired lease, pursuant to § 365 of the Bankruptcy Code, for which the order authorizing such rejection is dated on or before the date of service of the Bar Date Notice, must file a Proof of Claim Form with respect to such Claim by the General Bar Date (in the case of a Person) or the Governmental Unit Bar Date (in the case of a Governmental Unit), or be forever barred from doing so; and it is further

**ORDERED**, that any Person or Government Unit that has a claim arising from the rejection of an executory contract or unexpired lease, for which the order is dated after the date of service of the Bar Date Notice must file a Proof of Claim Form regarding such Claim on or before the later of: (i) thirty (30) days after the entry of an order by the Court authorizing such rejection; and (ii) such other date, if any, as the Court may fix in the order authorizing such rejection, or be forever barred from doing so; and it is further

**ORDERED**, that holders of equity security interests in the Debtor need not file proofs of interest with respect to their ownership of such equity interests; provided however, that if any such holder asserts a Claim against the Debtor (including a Claim relating to an equity interest or the purchase or sale of such equity interest), such holder must file a Proof of Claim Form with respect to such Claim prior to the General Bar Date (for Persons), pursuant to the procedures set forth in this order, or be forever barred from doing so; and it is further

**ORDERED**, that if the Debtor amends or supplements the Schedules subsequent to the date on which it files the Schedules, the Debtor shall give notice of any amendment of, or supplement to, the Schedules to the holders of Claims affected thereby, and such holders shall be afforded the later of (i) the General Bar Date or the Governmental Unit

Bar Date, respectively, or (ii) twenty (20) days from the date of such notice to file a Proof of Claim Form with respect to such Claims, or be barred from doing so, and such holders shall be given notice of such deadline; and it is further

**ORDERED**, that nothing in this Order shall prejudice the right of the Debtor or any other party in interest to dispute or assert offsets or defenses to any Claim reflected in the Schedules; and it is further

**ORDERED**, that pursuant to Bankruptcy Rule 3003(c)(2), all holders of Claims that fail to comply with this order by timely filing a Proof of Claim Form in the appropriate form and format: (i) shall not be allowed to assert any Claim against the Debtor that such holder has that (a) is in an amount that exceeds the amount, if any, that is set forth in the Schedules, or (b) is of a different nature or in a different classification as that set forth in the Schedules, and (ii) shall not be treated as a creditor with respect to such Claim for the purposes of voting and distribution; and it is further

**ORDERED**, that the Bar Date Notice, substantially in the form annexed to the Application as Exhibit A, is approved and shall be deemed adequate and sufficient if served by first-class mail at least sixty (60) days prior to the General Bar Date and one-hundred-fifty (150) days prior to the Governmental Unit Bar Date on:

> the United States Trustee;
> counsel to the administrative agents of the Debtor's pre-petition secured lenders;
> counsel to each official committee;
> the indenture trustees, pursuant to the Debtor's secured indentures;
> all persons or entities that have requested notice of the proceedings in this Chapter 11 case;
> all persons or entities that have filed claims;
> all creditors and other known holders of claims as of the date of this order, including all persons or entities listed in the Schedules as holding Claims, and all potential creditors listed on the Creditor Matrix;

all counter-parties to executory contracts and unexpired leases of the Debtor;

all parties to litigation with the Debtor;

the Internal Revenue Service;

the Securities and Exchange Commission and any other required governmental units; and

such additional persons and entities as deemed appropriate by the Debtor; and it is further

**ORDERED**, that pursuant to Bankruptcy Rule 2002(f), the Debtor shall publish notice of the Bar Date substantially in the form attached to the Application as Exhibit C (the "Publication Notice") in the USA Today, Wall Street Journal, New York Times, Argus Leader (Sioux Falls, S.D.), Journal (Rapid City, S.D.), Gazette (Billings, MT), Tribune (Great Falls, MT) and Missoulian (Missoula, MT) at least twenty-five (25) days prior to the General Bar Date, which publication is hereby approved and shall be deemed good, adequate and sufficient publication notice of the both the General Bar Date and the Governmental Unit Bar Date; and it is further

**ORDERED**, that the Debtor and its Claims Agent are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this order; and it is further

**ORDERED**, that entry of this order is without prejudice to the right of the Debtor to seek a further order of this Court fixing a date by which holders of Claims or interests not subject to the General Bar Date, the Governmental Unit Bar Date or any Supplemental Bar Date established herein must file Proofs of Claim Forms or be barred from doing so; and it is further

**ORDERED**, that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

Dated: Wilmington, Delaware
       October 10, 2003

_____
THE HONORABLE CHARLES G. CASE, II
UNITED STATES BANKRUPTCY JUDGE