**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NORTHWESTERN CORPORATION, | : | Case No. 03-12872 (CGC) |
| | : | |
| Debtor. | : | |
| | : | |

**AFFIDAVIT OF PUBLICATION OF BRIDGETTE TRYKOSKI IN THE WALL STREET JOURNAL**

STATE OF TEXAS )
) ss:
CITY AND COUNTY OF DALLAS)

I, Bridgette Trykoski, being duly sworn, depose and say that I am the Advertising Clerk of the Publisher of THE WALL STREET JOURNAL , a daily national newspaper published and of general circulation in the City and County of New York, New York, City of Naperville, DuPage County, Illinois, and in the city and County of Dallas, Texas and that the attached Notice has been regularly published in THE WALL STREET JOURNAL for national distribution for one insertion(s) on the following date(s): 11/17/03 advertiser: Northwestern Corp. and that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

MITCHELL E. CHEATHAM NOTARY PUBLIC STATE OF TEXAS EXPIRES 03-01-2007

Bridgette K Trykoski

Sworn to before me this
17th day of Nov 2003

Mitchell E Cheatham
Notary Public

Today Is 11/17/03 at 10:59:37

**C H A N G E**

Miller Advertising Agency, Inc.
71 Fifth Avenue New York, New York 10003
Telephone: 1-212-929-2200 Billing: 1-212-929-2200
INSERT ORDER NUMBER
**NB130413**

# P R O O F O F I N S E R T I O N

YOUR AD APPEARED IN: WALL STREET JOURNAL

DATES OF INSERTION: 11/17
Weekdays = 1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

In re:
**NORTHWESTERN CORPORATION,**
Debtor.

Chapter 11
Case No. 03-12872 (CGC)

**NOTICE OF DEADLINES FOR THE FILING OF PROOFS OF CLAIM**

The United States Bankruptcy Court for the District of Delaware (the "Court") has entered an order (the "Bar Date Order") establishing **January 15, 2004 at 5:00 p.m. (Pacific Time)** (the "General Bar Date") as the last date for any person or entity other than a governmental unit (including individuals, partnerships, limited liability companies, corporations, joint ventures, and trusts (among others) to file a proof of claim against NorthWestern Corporation (the "Debtor").

The Bar Date Order also establishes **April 15, 2004 at 5:00 p.m. (Pacific Time)** (the "Governmental Unit Bar Date"), as the last date for any governmental unit, as that term is defined in § 101(27) of the Bankruptcy Code, to file a proof of claim against the Debtor.

The General Bar Date and Governmental Unit Bar Date and the procedures set forth in the Bar Date Order for the filing of proofs of claim apply to all claims – except those claims specifically excluded from the filing requirements by the Bar Date Order – against the Debtor that arose on or before September 14, 2003 (the "Filing Date"), the date on which the Debtor commenced its case under Chapter 11 of the United States Bankruptcy Code.

If you have a claim that arose on or before the Filing Date that is not one of the types of claim described as excluded in the Bar Date Order, you MUST file a proof of claim in order to (1) share in distributions from the Debtor's bankruptcy estate, or (2) vote on a Chapter 11 plan filed by the Debtor. Proofs of claim with respect to a claim based on acts or omissions of the Debtor that occurred on or before the Filing Date must be filed on or prior to whichever bar date that applies to you and your claim (i.e. the General Bar Date or the Governmental Unit Bar Date; see above), even if such claims are not now fixed or certain or did not mature or become fixed or certain before the Filing Date.

For a copy of the Bar Date Order and a sample Proof of Claim Form, you may contact the Debtor's Court-approved claims agent (the "Claims Agent") at Kurtzman Carson Consultants LLC, 5301 Beethoven Street, Suite 102, Los Angeles, CA 90066-7066, or visit **www.kccllc.net/northwestern.**

Except as provided for in the Bar Date Order, all proofs of claim must be filed so as to be received by the Claims Agent on or before the General Bar Date (for persons and non-"governmental unit" entities) or the Governmental Unit Bar Date (for governmental units) at the following addresses:

| IF SENT BY MAIL (INCLUDING U.S. EXPRESS MAIL) | IF DELIVERED BY HAND, COURIER OR FEDERAL EXPRESS |
|---|---|
| NorthWestern Claims Processing<br>c/o Kurtzman Carson Consultants LLC<br>5301 Beethoven Street, Suite 102<br>Los Angeles, CA 90066-7066 | NorthWestern Claims Processing<br>c/o Kurtzman Carson Consultants LLC<br>5301 Beethoven Street, Suite 102<br>Los Angeles, CA 90066-7066 |

Proofs of claim will be deemed filed only when received by the Claims Agent. Proofs of claim may not be delivered by facsimile, telecopy or electronic mail transmission.

ANY HOLDER OF A CLAIM WHOSE CLAIM IS NOT EXPRESSLY EXCEPTED BY THE BAR DATE ORDER FROM THE FILING REQUIREMENTS DESCRIBED ABOVE AND WHO FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM WILL BE **FOREVER BARRED** FROM (1) ASSERTING SUCH CLAIM AGAINST THE DEBTOR AND ITS CHAPTER 11 ESTATE, (2) VOTING ON ANY PLAN OF REORGANIZATION FILED IN THIS CASE, AND (3) PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTOR'S CASE ON ACCOUNT OF SUCH CLAIM.

You may be listed as the holder of a claim against the Debtor in the Debtor's Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases (collectively, the "Schedules"). If you are, you do not need to file a proof of claim, unless you disagree with the amount and/or description of your claim as it is represented in the Schedules. Copies of the Debtor's Schedules are available for inspection on the public Internet website established for this case at **http://www.kccllc.net/northwestern.** You may also obtain this information from the Court's Public Access to Electronic Court Records ("PACER"), a login and password are required and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov. Copies of the Debtor's Schedules may also be obtained by written request to the Claims Agent, Kurtzman Carson Consultants LLP, 5301 Beethoven Street, Suite 102, Los Angeles, CA 90066-7066. Copies of the Schedules may be examined between the hours of 9:00 A.M. and 4:30 P.M., Monday through Friday, at the Office of the Bankruptcy Court, 824 Market Street, 3d Floor, Wilmington, DE 19801.

**A holder of a possible claim against the Debtor should consult an attorney regarding any matters not covered by this notice, such as whether the holder should file a proof of claim.**

By Order of the Court, dated October 10, 2003

Dated: November 11, 2003
Wilmington, Delaware

PAUL, HASTINGS, JANOFSKY & WALKER LLP
600 Peachtree Street
Suite 2400
Atlanta, GA 30308
Jesse H. Austin, III
Karol K. Denniston
Telephone: (404) 815-2400

and

GREENBERG TRAURIG, LLP
/s/ Scott D. Cousins
Scott D. Cousins (No. 3079)
Victoria Watson Counihan (No. 3488)
William E. Chipman, Jr. (No. 3818)
The Brandywine Building, 1000 West Street, Suite 1540, Wilmington, DE 19801
Telephone: (302) 661-7000

***Counsel and Co-Counsel for the Debtor and Debtor-in-Possession***

tor or to list a Claim as contingent, unliquidated or disputed, the affected claimant is required to file a proof of n or amend any previously filed proof of claim in respect of the amended scheduled claim on or before the of: (i) the General Bar Date and (ii) 30 days after the date that notice of the applicable amendment to the edules is served on the claimant. The later of these dates is referred to in this Notice as the "Amended edule Bar Date."

***hat Must File Proofs of Claims by the General Bar Date***

to terms described above for holders of Claims subject to the Rejection Bar Date and the Amended Schedule e following Entities must file proofs of claim on or before the General Bar Date:

Entity whose prepetition Claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as puted," "contingent" or "unliquidated" and that desires to participate in any of these chapter 11 cases or share y distribution in any of these chapter 11 cases; and

Entity that believes its prepetition Claim is improperly classified in the Schedules or is listed in an incorrect amount that desires to have its Claim allowed in a classification or amount other than that identified in the Schedules.

***lot Required to File Proofs of Claim by the General Bar Date***

Date Order further provides that the following Entities need not file proofs of claim by the General Bar Date:

Entity that already has properly filed a proof of claim against one or more of the Debtors in accordance with the cedures described in this Notice;

Entity (i) whose Claim against a Debtor is not listed as "disputed," "contingent" or "unliquidated" in the edules and (ii) that agrees with the nature, classification and amount of its Claim as identified in the Schedules;

Entity whose Claim against a Debtor previously has been allowed by, or paid pursuant to, an order of the Court; and tor or affiliated entity that holds a Claim against one or more of the Debtors.

***rement to File Proofs of Interest***

ity holding an interest in any Debtor (an "Interest Holder"), which interest is based exclusively upon the of common or preferred stock in a corporation, a membership interest in a limited liability partnership or r rights to purchase, sell or subscribe to such a security or interest (any such security or interest being referred otice as an "Interest"), need not file a proof of interest on or before the General Bar Date; provided, however, st Holders who wish to assert Claims against any of the Debtors that arise out of or relate to the ownership or f an Interest, including Claims arising out of or relating to the sale, issuance or distribution of the Interest, must of claim on or before the General Bar Date, unless another exception identified in this Notice applies. The we reserved the right to establish at a later date a bar date requiring Interest Holders to file proofs of interest. ir date is established, Interest Holders will be notified of the Interest bar date at the appropriate time.

**PROOFS OF CLAIM AGAINST MULTIPLE DEBTORS; REQUIREMENT TO IDENTIFY DEBTOR**

ity asserting Claims against more than one Debtor must file a separate proof of claim with respect to each such addition, any Entity filing a proof of claim must identify on its proof of claim form the particular Debtor against laim is asserted.

**CONSEQUENCES OF FAILURE TO FILE PROOF OF CLAIM**

ity that is required to file a proof of claim, but that fails to do so by the applicable Bar Date described in this ll not be treated as a creditor with respect to such a claim for the purposes of voting and distribution.

**unclear from the Schedules whether your Claim is disputed, contingent or unliquidated as to or is otherwise properly listed and classified, you must file a proof of claim on or before the e Bar Date.** Any Entity that relies on the information in the Schedules bears responsibility for determining im is accurately listed therein.

**PROCEDURE FOR FILING PROOFS OF CLAIM**

l original of a completed proof of claim, together with any accompanying or supporting documentation, must be o: If By U.S. Mail - Delaware Claims Agency, LLC, Attention: O-Cedar Claims Processing, P.O. Box 515, Wilmington, 19899; If By Overnight Courier - Delaware Claims Agency, LLC, Attention: O-Cedar Claims Processing, 103 West , 3rd Floor, Wilmington, Delaware 19801 so as to be received no later than 5:00 p.m., Eastern Time, on the Bar Date. Proofs of claim may be submitted in person or by courier service, hand delivery or mail addressed to foregoing address. ***Any proof of claim submitted by facsimile or e-mail will not be accepted and be deemed filed until the proof of claim is submitted by one of the methods described in the sentence.*** Proofs of claim will be deemed filed only when actually received by DCA. If you wish to receive dgement of DCA's receipt of your proof of claim, you must also submit by the applicable Bar Date and tly with submitting your original proof of claim (a) a copy of your original proof of claim and (b) a self-addressed, eturn envelope.

of claim must include all documentation required by Bankruptcy Rules 3001(c) and 3001(d), including an original of any written document that forms the basis of the Claim or, for secured Claims, evidence that the alleged terest has been perfected.

**ADDITIONAL INFORMATION**

equire additional information regarding the filing of a proof of claim, you may contact the O-Cedar Claims Hotline 38-9412. You also may contact DCA directly by writing to Delaware Claims Agency, LLC, P.O. Box 515, 103 W. 7th l Floor, Wilmington, Delaware 19899, Attention: O-Cedar Claims Processing Department. The claims registers btors will be available for review during normal business hours in DCA's offices at the address identified above.

lmington, Delaware
vember 6, 2003

BY ORDER OF THE COURT

. Knight (DE 3848)
l J. Merchant (DE 3854)
RDS, LAYTON & FINGER, P.A.
dney Square
x 551
gton, Delaware 19899
51-7700
NEYS FOR DEBTORS AND DEBTORS IN POSSESSION

tors are the following two entities: O-Cedar Holdings, Inc. and O-Cedar Brands, Inc.

t to section 502(9) of the United States Bankruptcy Code, 11 U.S.C. § 101-1330 (the "Bankruptcy Code"), nental Units shall have until February 21, 2004 at 5:00 p.m., Eastern Time, to file proofs of claim.

---

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF HAWAII

IIAN AIRLINES, INC.,
aii corporation,
Debtor.

Case No. 03-00817

Chapter 11

**BAR DATE: JANUARY 26, 2004 AT 4:00 P.M.**

**'ENTION CREDITORS AND SHAREHOLDERS OF HAWAIIAN AIRLINES, INC.**

**EASE TAKE NOTICE** that the United States Bankruptcy Court for the District of Hawaii (the ptcy Court") has entered an "Order (I) Establishing Procedures And Deadlines For The Filing fs Of Claim And Interest; (II) Establishing Consequences For The Failure To Comply With Such ures And Deadlines; And (III) Approving The Form And Scope Of Notice Of Such Procedures adlines" (the "Order"), by which the Bankruptcy Court has set **JANUARY 26, 2004 at .m.** Hawaii Standard time (the "Bar Date"), as the last date and time for the filing of of "Claim" and "Interest" (as those terms are defined in the Bankruptcy Code) against n Airlines, Inc. (the "Debtor"), in the above-captioned case (the "Bankruptcy Case") currently g under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). ept as provided below, **all proofs of Claim and Interest must be filed so that they tually received by the Bankruptcy Court on or before 4:00 p.m. applicable i time on the Bar Date (January 26, 2004).** It is your responsibility to ensure that oof of Claim or Interest is actually received by that date and time. Proofs of Claim erest must be filed at the following address:

United States Bankruptcy Court
Hawaiian Airlines Claims
1132 Bishop Street, Suite 250-L
Honolulu, Hawaii 96813

Order specifies who must file a proof of Claim or a proof of Interest in the Bankruptcy Case. **re Required To But Do Not File A Proof Of Claim Or Interest That Is Actually Received Bankruptcy Court By The Bar Date, Any Proof Of Claim Or Interest That You File After ar Date Will Be Disallowed, Deemed Null And Void, And Forever Barred,** except as se specifically ordered by the Bankruptcy Court. **ANY ENTITY THAT IS REQUIRED TO OES NOT FILE A PROOF OF CLAIM OR INTEREST BY THE BAR DATE (A) WILL BE 'ER BARRED FROM VOTING WITH RESPECT TO ANY PLAN(S) OF REORGANIZATION IN THE BANKRUPTCY CASE AND RECEIVING ANY DISTRIBUTIONS UNDER SUCH S) OR OTHERWISE FROM THE DEBTOR'S ESTATE; AND (B) WILL NOT BE ENTITLED CEIVE FURTHER NOTICES REGARDING THE BANKRUPTCY CASE.**

**u are required to file one original claim with all attachments and one copy of the without attachments. However, if you wish a time-stamped copy of the claim for les, enclose another copy of your claim together with a stamped self-addressed envelope. All documents submitted for filing must be on 8.5" by 11" paper.**

u must file a proof of Claim or Interest if you assert a Claim against or an Interest in the Debtor you disagree with the amount of the Claim scheduled on your behalf (your "Scheduled by the Debtor in their consolidated Schedules of Assets and Liabilities (the "Schedules"), if your Scheduled Claim is identified as disputed, contingent, unliquidated, or in an amount of no Scheduled Claim has been listed on your behalf; or (d) you believe that your Scheduled if any, is secured or entitled to a priority under the Bankruptcy Code, and such Claim is not ntified in the Schedules. **Any proof of claim submitted by facsimile or other electronic will not be accepted and will not be deemed filed until such proof of claim is tted by the method described herein.**

pies of the Order, a complete Notice of the Bar Date that was mailed to all known

---

Document Format (PDF), Word Perfect or any other Windows-based word processing format, with hard copy to the Chambers of the Honorable Stuart M. Bernstein, and served upon Clifford Chance US LLP, at the address below (Attention: Madlyn Gleich Primoff), counsel to the Petitioners, so as to be received on or before December 5, 2003 at 12:00 p.m., New York time.

The hearing with respect to the relief requested in the Petition and Motion may be adjourned from time to time without further notice other than an announcement in open court of the adjourned date or dates at the hearing or any further adjourned hearing.

Dated: New York, New York
November 10, 2003

CLIFFORD CHANCE US LLP
200 Park Avenue
New York, New York 10166
(212) 878-8000
Attorneys for the Petitioners
Attention: Madlyn Gleich Primoff, Esq.
David A. Sullivan, Esq.

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

In re:
**NORTHWESTERN CORPORATION,**
Debtor.

Chapter 11
Case No. 03-12872 (CGC)

**NOTICE OF DEADLINES FOR THE FILING OF PROOFS OF CLAIM**

The United States Bankruptcy Court for the District of Delaware (the "Court") has entered an order (the "Bar Date Order") establishing **January 15, 2004 at 5:00 p.m. (Pacific Time)** (the "General Bar Date") as the last date for any person or entity other than a governmental unit (including individuals, partnerships, limited liability companies, corporations, joint ventures, and trusts, among others) to file a proof of claim against NorthWestern Corporation (the "Debtor").

The Bar Date Order also establishes **April 15, 2004 at 5:00 p.m. (Pacific Time)** (the "Governmental Unit Bar Date"), as the last date for any governmental unit, as that term is defined in § 101(27) of the Bankruptcy Code, to file a proof of claim against the Debtor.

The General Bar Date and Governmental Unit Bar Date and the procedures set forth in the Bar Date Order for the filing of proofs of claim apply to all claims – except those claims specifically excluded from the filing requirements by the Bar Date Order – against the Debtor that arose on or before September 14, 2003 (the "Filing Date"), the date on which the Debtor commenced its case under Chapter 11 of the United States Bankruptcy Code.

If you have a claim that arose on or before the Filing Date that is not one of the types of claim described as excluded in the Bar Date Order, you MUST file a proof of claim in order to (1) share in distributions from the Debtor's bankruptcy estate, or (2) vote on a Chapter 11 plan filed by the Debtor. Proofs of claim with respect to a claim based on acts or omissions of the Debtor that occurred on or before the Filing Date must be filed on or prior to whichever bar date that applies to you and your claim (i.e. the General Bar Date or the Governmental Unit Bar Date; see above), even if such claims are not now fixed or certain or did not mature or become fixed or certain before the Filing Date.

For a copy of the Bar Date Order and a sample Proof of Claim Form, you may contact the Debtor's Court-approved claims agent (the "Claims Agent") at Kurtzman Carson Consultants LLC, 5301 Beethoven Street, Suite 102, Los Angeles, CA 90066-7066, or visit **www.kccllc.net/northwestern.**

Except as provided for in the Bar Date Order, all proofs of claim must be filed so as to be received by the Claims Agent on or before the General Bar Date (for persons and non-"governmental unit" entities) or the Governmental Unit Bar Date (for governmental units) at the following addresses:

| IF SENT BY MAIL (INCLUDING U.S. EXPRESS MAIL) | IF DELIVERED BY HAND, COURIER OR FEDERAL EXPRESS |
|---|---|
| NorthWestern Claims Processing<br>c/o Kurtzman Carson Consultants LLC<br>5301 Beethoven Street, Suite 102<br>Los Angeles, CA 90066-7066 | NorthWestern Claims Processing<br>c/o Kurtzman Carson Consultants LLC<br>5301 Beethoven Street, Suite 102<br>Los Angeles, CA 90066-7066 |

Proofs of claim will be deemed filed only when received by the Claims Agent. Proofs of claim may not be delivered by facsimile, telecopy or electronic mail transmission.

ANY HOLDER OF A CLAIM WHOSE CLAIM IS NOT EXPRESSLY EXCEPTED BY THE BAR DATE ORDER FROM THE FILING REQUIREMENTS DESCRIBED ABOVE AND WHO FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM WILL BE FOREVER BARRED FROM (1) ASSERTING SUCH CLAIM AGAINST THE DEBTOR AND ITS CHAPTER 11 ESTATE, (2) VOTING ON ANY PLAN OF REORGANIZATION FILED IN THIS CASE, AND (3) PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTOR'S CASE ON ACCOUNT OF SUCH CLAIM.

You may be listed as the holder of a claim against the Debtor in the Debtor's Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases (collectively, the "Schedules"). If you are, you do not need to file a proof of claim, unless you disagree with the amount and/or description of your claim as it is represented in the Schedules. Copies of the Debtor's Schedules are available for inspection on the public Internet website established for this case at http://www.kccllc.net/northwestern. You may also obtain this information from the Court's Public Access to Electronic Court Records ("PACER"); a login and password are required and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov. Copies of the Debtor's Schedules may also be obtained by written request to the Claims Agent, Kurtzman Carson Consultants LLP, 5301 Beethoven Street, Suite 102, Los Angeles, CA 90066-7066. Copies of the Schedules may be examined between the hours of 9:00 A.M. and 4:30 P.M., Monday through Friday, at the Office of the Bankruptcy Court, 824 Market Street, 3d Floor, Wilmington, DE 19801.

**A holder of a possible claim against the Debtor should consult an attorney regarding any matters not covered by this notice, such as whether the holder should file a proof of claim.**

Dated: November 11, 2003
Wilmington, Delaware

By Order of the Court, dated October 10, 2003

PAUL, HASTINGS, JANOFSKY & WALKER LLP
600 Peachtree Street
Suite 2400
Atlanta, GA 30308
Jesse H. Austin, III
Karol K. Denniston
Telephone: (404) 815-2400

and

GREENBERG TRAURIG, LLP
/s/ Scott D. Cousins
Scott D. Cousins (No. 3079)
Victoria Watson Counihan (No. 3488)
William E. Chipman, Jr. (No. 3818)
The Brandywine Building, 1000 West Street, Suite 1540, Wilmington, DE 19801
Telephone: (302) 661-7000

***Counsel and Co-Counsel for the Debtor and Debtor-in-Possession***

---

NOTICE OF SALE OF SUBSTANTIALLY ALL OF THE
ASSETS OF METATEC, INC.

Notice is hereby given, pursuant to 11 U.S.C. §§ 363 and 365, that Metatec, Inc. (hereafter the "Debtor"), intends to sell substantially all of its assets free and clear of liens, claims, encumbrances and other interests, except for the assumption and assignment of certain executory contracts and unexpired leases. The assets being sold are used in the business of CD/DVD replication and providing supply chain solutions. The Debtor's corporate headquarters, manufacturing and distribution facility is located in Dublin, Ohio.

The Debtor has entered into an asset purchase and sale agreement ("Asset Purchase Agreement") with MTI Acquisition Corp. (the "Buyer"), by which the Buyer intends to purchase the above-described assets (hereafter, the "Assets") for a purchase price of $10,000,000 plus the assumption of certain indebtedness and executory contracts, subject to adjustments.

The MTI Purchase Agreement is subject to higher and better offers. The Debtors are soliciting higher and better offers by means of an auction, which shall be governed by the terms and conditions of certain Bidding Procedures (the "Bidding Procedures"). Copies of the MTI Purchase Agreement and the Bidding Procedures may be obtained from the Office of the Clerk, United States Bankruptcy Court, 170 North High Street, Columbus, Ohio 43215 (the "Bankruptcy Court") or by making a written request to counsel to the Debtor and providing Debtor's counsel with an electronic mail address for the delivery of such copies.

Additional information regarding the Assets, the Bidding Procedures, and bid pre-qualification requirements may be obtained from:

Financial Advisor to Debtor
B. Andrew Schmucker
Legg Mason Wood Walker, Inc.
1735 Market St, Suite 1100
Philadelphia, PA 19103
Phone: (215) 496-8334
Fax: (215) 568-2031

Counsel to Debtor
Henry P. Montgomery
Baker & Hostetler LLP
65 East State Street
Columbus, Ohio 43215
Phone: (614) 228-1541
Fax: (614) 462-2616

Through this notice, HIGHER AND BETTER OFFERS to purchase the Assets are hereby solicited subject to the terms and conditions of the Bidding Procedures. To be considered a qualified offer, an offer shall comply with the Bidding Procedures and be served upon the parties specified in the Bidding Procedures, so as to be received on or before 5:00 p.m. (EST), on December 15, 2003. If a qualified offer is timely received, an AUCTION will be conducted at the offices of the Baker & Hostetler LLP, 65 East State Street, Columbus, Ohio 43215, beginning at 10:00 a.m. (EST) on December 17, 2003.

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

In re:
**PILLOWTEX CORPORATION, et al.,**[1]
Debtors.

) Jointly Administered
) Case No.
) 03-12339 (PJW)
) Chapter 11

**NOTICE OF DEADLINE OF DECEMBER 29, 2003, AT 5:00 P.M. (EASTERN TIME) TO FILE PROOFS OF CLAIM AGAINST PILLOWTEX CORPORATION, et al.**

**TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST PILLOWTEX CORPORATION, ET AL.:**

---

NOTICE OF SALE

Phylos, Inc., DIP, Chapter 11 Case No. 03-11303, now pending in the District of Delaware, hereby gives notice of the sale of certain of its assets including intellectual property, consisting of certain patents, contract rights, license agreements, and other property. Any interested purchasers, should contact James F. Coffey, Deutsch, Williams, Brooks, Derensis & Holland, P.C. 99 Summer Street, Boston, MA 02110, (617) 951-2300 for further details before November 24, 2003 at 12:00 p.m. (EST).

---

P.O. Box 85058
Richmond, Virginia 23285-5058

**II. CLAIMS NOT SUBJECT TO THE**

There are two types of claims that a

1. Claims arising under direct polic claims for medical and recurring parti Payments") (which do not include clain that have already been properly submi October 28, 2003 (the "Pending Direct

2. Proper administrative expense cl payment of services rendered, or goods of the Deputy Receiver after January 2

All other claims against the Compa or before, the Final Bar Date.

**BRIEF EXPLANATION OF TH**

If you believe that you may have an ac or not, and it is not a Pending Direct Clai the Proof of Claim Form (or equivalent c information described in the Proof of Cl be received on or before the Final Bar D or reimbursement. Proof of Claim Instru sion of the Proof of Claim Form. You ma contingent or unliquidated claim after t the Claims Liquidation Date. If a claim i Liquidation Date, it will be permanently

If you have any questions or would like of Claim Form and/or Proof of Claim Inst Claim Department at (888) 847-1187 or to the Proof of Claim Department at the Form, Proof of Claim Instructions, and a Questions may also be downloaded or p

---

**◈ CLASS**

---

**IN THE UNITED STA**
**FOR THE DISTRI**

**In re: BULK [EXTRUDED] GRAPHIT PRODUCTS ANTITRUST LITIGATIO**

**This Document Relates To: ALL ACTIC**

**SUMMARY NOTICE OF SETTL PROPOSED SETTLEMENT, AND HE**

**TO: ALL PERSONS AND ENTITIES GRAPHITE PRODUCTS DURIN THROUGH DECEMBER 31, 1998**

This Summary Notice is given pursua Procedure and an Order by the United Stat Jersey (the "Court") to inform you that there behalf of persons who purchased Extruded action alleges violations of the antitrust law Products. This Summary Notice is to inform Settlement Class against the Settling Defen Carbon Company, Inc. (collectively "GTI") the Settling Defendants.

**I. THE L**

Several lawsuits have been consolidate antitrust laws against the following Def Corporation, Carbone of America Industri Carbon Company, GrafTech International, L.L.C., SGL Carbon A.G., SGL Carbon Gm Defendants. They are: Robert J. Kohler, Rob

Extruded Graphite Products are defined both non-machined and semi-machined pr include fully-machined extruded graphite pr or molded graphite products. "Extruded Gra good mechanical, electrical and thermal pro low ash content, (ii) which is produced thr (isostatic) pressure molding or unidirectional and higher thermal conductivity than isomol

**II. TH**

By Order of September 10, 2003, the Settlement Class:

All persons and entities located in the U Products directly from the Defendants, subsidiaries, or controlled affiliates from December 31, 1998 (the "Class"). Excluded successors, parents, subsidiaries, or cont

**III. THE PROPOSE**

Plaintiffs, on behalf of the Class, have e pay into escrow a total of Four Hundred and for a release of all claims asserted on behalf fixing of Extruded Graphite Products in the by GTI and the final payment will be made GTI to provide extensive cooperation to t remaining Defendants. This is a settleme against the remaining Defendants as determi

**IV. HEARING**

A hearing will be held on March 8, 20 Courthouse for the District of New Jersey, United States Courthouse, Courtroom 4046, for the purpose of determining whether final printed Notice of pendency of Class Action explains your option with respect to this hear

**V. HOW TO OBTAIN THE MO**

A printed Notice of pendency of Class A November 7, 2003. That Notice explains t options available to Class Members inclu Settlement Class and identifies Plaintiffs' C Agreement are available at the following Int

**Please do not phone or direct any inqui**

Dated: November 17, 2003