IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| NORTHWESTERN CORPORATION, | : Case No. 03-12872 (CGC) |
| Debtor. | : **Relates to Docket No. 1963** |

**ORDER AUTHORIZING THE DEBTOR TO ENTER INTO CERTAIN AGREEMENTS RELATED TO EXIT FINANCING FACILITY AND TO PAY FEES IN CONNECTION THEREWITH PURSUANT TO 11 U.S.C. §§ 105, 107(b) AND 363(b) AND BANKRUPTCY RULE 9018**

Upon the motion (the "Motion")[1] of NorthWestern Corporation, a Delaware corporation (the "Debtor" or "NOR"), for entry of an order authorizing the Debtor to enter agreements for its exit financing facility and to pay fees in connection therewith pursuant to Section 105(a), 107(b) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9-18; and the Court having reviewed the Motion; and having heard the statements of counsel regarding the relief requested in the Motion at a hearing with respect to the Motion; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and due notice of the Motion having been given under the circumstances; and it appearing that no other or further notice of the Motion is necessary or required; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors and other parties-in-interest; and after due deliberation and sufficient cause appearing therefor, it is hereby

---

[1] Any capitalized term used herein but not otherwise defined shall the meaning ascribed to such term in the Motion.

**ORDERED**, that the Motion is **GRANTED** solely to the extent expressly set forth herein; and it is further

**ORDERED**, that the Debtor is authorized to enter into the Commitment Letter, substantially in the form attached to the Motion as Exhibit A; and it is further

**ORDERED**, that the Debtor is authorized to enter into the Fee Letter; and it is further

**ORDERED**, that the Debtor is authorized, prior to the effective date of any confirmed plan of reorganization, to pay all reasonable out-of-pocket fees and expenses (including due diligence expenses, syndication expenses, consultant's fees and expenses, reasonable travel expenses and reasonable fees and charges and disbursements of counsel) and incur indemnification obligations as set forth the Commitment Letter and/or Fee Letter; and it is further

**ORDERED**, that the objections filed and issues raised by JP Morgan Chase Bank, as Indenture Trustee, MBIA Corporation, Law Debenture Trust Company of New York and Magten Asset Management Corporation in their respective limited objections to the Motion are preserved and will be addressed, if necessary, at the continued hearing scheduled on October 6, 2004 to consider confirmation of the Debtor's proposed Second Amended and Restated Plan of Reorganization; and it is further

**ORDERED**, that the this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: 9-22 , 2004
Wilmington, Delaware

_____
United States Bankruptcy Judge