## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| NORTHWESTERN CORPORATION, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Case No. 03-12872 (CGC) |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - | ) | |
| | ) | |
| MAGTEN ASSET MANAGEMENT CORPORATION & LAW DEBENTURE TRUST COMPANY OF NEW YORK, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) ) | Adv. Pro. No. 04-53324 (CGC) |
| v. | ) ) | |
| NORTHWESTERN CORPORATION, | ) ) | |
| Defendant. | ) | |

### MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO INTERVENE IN ADVERSARY PROCEEDING

The Official Committee of Unsecured Creditors (the "Committee") of NorthWestern Corporation ("NorthWestern" or the "Debtor"), by its undersigned counsel, hereby files its motion (the "Motion") to intervene in the above-captioned adversary proceeding (the "Adversary Proceeding") pursuant to Rule 7024 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Fed. R. Civ. P. 24, and section 1109(b) of title 11 of the United States Code, 11 U.S.C. §§ 100 et seq. (the "Bankruptcy Code"), and states as follows:

### BACKGROUND

1.      On September 14, 2003, NorthWestern filed a voluntary petition for relief under chapter 11 of title 11 of the Bankruptcy Code in this District.

2.     The Debtor continues to operate and manage its businesses and properties pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3.     The Committee was appointed by the Office of the United States Trustee on September 30, 2003.  Both plaintiffs in the above-captioned adversary proceeding are former members of the Committee.  Law Debenture Trust Company of New York ("Law Debenture") was an original member of the Committee.[1]  The U.S. Trustee added Magten Asset Management Corporation ("Magten" and together with Law Debenture, the "Plaintiffs") to the Committee on November 25, 2003.

4.     The Committee is the body specifically charged with representing the interests and protecting the rights of the unsecured creditors of NorthWestern, including the holders of both its senior and subordinated unsecured public debt instruments having a total face amount in excess of $1.2 billion.  While sitting on the Committee, the Plaintiffs, unabashedly, were instead working on depleting the Debtor's estate for their own benefit.  As set forth more fully below, the Plaintiffs, in breach of their fiduciary duties to the unsecured creditors of NorthWestern, are seeking to remove significant assets from the Debtor's estate.  Recognizing the inherent conflict of interest facing the Plaintiffs, and after consulting the Debtor and the Committee, on May 5, 2004, the U.S. Trustee removed both Magten and Law Debenture from the Committee.

5.     Pursuant to Bankruptcy Rule 7024 and Fed. R. Civ. P. 24(a)(1), the Committee submits this motion to intervene as of right in the instant Adversary Proceeding.  The outcome of the Adversary Proceeding will materially impact the

---

[1]    Law Debenture was substituted, as successor indenture trustee, for The Bank of New York, effective February 20, 2004.

interests of the Committee and its constituents.  As such, the Committee has a keen

interest in being heard.

## THE ADVERSARY PROCEEDING

6.      On March 17, 2004, Magten filed a motion seeking relief from the

automatic stay to commence an adversary proceeding seeking to avoid, what it alleges to

be, certain fraudulent transfers received by NorthWestern from Clark Fork and Blackfoot

LLC ("Clark Fork"), a non-debtor subsidiary of the Debtor, as part of the so-called

"going flat" transaction.  Because Magten's allegations have the potential to substantially

alter the asset composition of the Debtor's estate and creditor recoveries, the Committee

filed a response requesting that the Court grant Magten's motion, provided, however, that

Magten be required to pursue its claims expeditiously.

7.      This Court, at the April 8, 2004 omnibus hearing in this case, granted the

motion and ordered Magten to file its complaint within ten days.  On April 16, 2004, the

Plaintiffs, in their capacities as purported creditors of Clark Fork, filed a complaint (the

"Complaint") alleging that the Debtor was the recipient of substantial assets fraudulently

transferred from Clark Fork.  The Plaintiffs are seeking, *inter alia*, (a) the avoidance of

the alleged fraudulent transfer and (b) the imposition of a constructive trust over the

transferred assets for the benefit of Clark Fork's creditors.  All in all, the Plaintiffs are

attempting to strip the Debtor of a material portion of its assets— assets currently

available to satisfy claims of the Debtor's unsecured creditors.

8.      On Friday May 14, 2004, the Debtor filed a Motion to Dismiss the

Plaintiffs' Complaint because, among other things, the Plaintiffs lack standing to bring

the Adversary Proceeding.   Significantly, the Committee, after thoroughly analyzing the

underlying documentation, agrees with the Debtor's analysis that the Plaintiffs no longer

hold claims against Clark Fork, a *sine quo non* to bringing their fraudulent transfer action.

9.     Attached hereto as Exhibit A is the Committee's proposed Joinder to the

Debtor's Motion to Dismiss the Plaintiffs' Complaint that will be filed upon the granting

of this Motion.

## ARGUMENT

10.     The Committee has both a fundamental interest and fiduciary duty to

ensure that assets belonging to the estate and available for satisfaction of creditor claims

remain as such.  The instant Adversary Proceeding, a misguided effort by representatives

of holders of certain subordinated debt instruments to enhance their recoveries at the

expense of general unsecured creditors, directly invokes the Committee's interest and

fiduciary duty.  Thus, leave to intervene is appropriate.  Moreover, controlling Third

Circuit precedent establishes that the Committee may intervene as of right in this

proceeding.

## RELIEF REQUESTED

11.     The Committee seeks to intervene, as of right, in the Adversary

Proceeding.

12.     Section 1109(b) of the Bankruptcy Code provides as follows:

> A party in interest, including the debtor, the trustee, a
> *creditors' committee*, an equity security holders'
> committee, a creditor, an equity security holder, or any
> indenture trustee, may raise and may appear and be heard
> on any issue in any case under this chapter. (emphasis
> added).

13.     Fed. R. Civ. P. 24, made applicable to this Adversary Proceeding by

Bankruptcy Rule 7024, provides in pertinent part:

(a)    Intervention of right.  Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Thus, to intervene as of right, the party's motion must be "timely" and a statute of the United States must confer such right.  The Committee submits that its Motion is timely and that pursuant to section 1109(b) of the Bankruptcy Code, Bankruptcy Rule 7024 and Third Circuit precedent it has the unconditional right to intervene in this proceeding.

14.    The Committee's Motion is timely.  "Timeliness" is not just a function of counting days; it is determined by a totality of circumstances.  U.S. v. Alcan Aluminum, Inc., 25 F.3d 1174, 1181 (3rd Cir. 1994).  This requires a court to consider the stage of proceeding, prejudice that delay may cause parties, and reason for delay, if any.  See Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc., 72 F.3d 361, 369 (3rd Cir. 1995) (noting that even after four years the critical question remains "what proceedings on the merits have occurred").  Thus in Mountain Top, the Court found the intervenor's motion to be timely because "there were no depositions taken, dispositive motions filed, or decrees entered during the four year period in question" and therefore could not find that that intervention would prejudice the parties.  Id.  The Adversary Proceeding in this case has just begun.  Indeed, the Debtor has yet to file its answer and has just filed its Motion to Dismiss the Complaint.  Accordingly, the Plaintiffs would not be prejudiced by the Committee's intervention and there can be no question that the Committee's Motion is timely.

15.    As the statutorily appointed representative of unsecured creditors, the Committee has the absolute right to intervene in this proceeding. Third Circuit precedent clearly establishes that as a specifically mentioned section 1109(b) "party in interest," a creditor's committee has the absolute right to intervene in an adversary proceeding under Fed. R. Civ. P. 24(a)(1). See Phar-Mor, Inc. v. Coopers & Lybrand (In re Phar-Mor, Inc.), 22 F.3d 1228, 1231 (3d Cir. 1994) (citing Official Unsecured Creditors' Comm. v. Michaels (In re Marin Motor Oil, Inc.), 689 F.2d 445 (3d Cir. 1982)); Wakefern Food Corp. v. C & S Wholesale Grocers, Inc. (In re Big V Holding Corp.), 2002 WL 1482392 at *3, No. 00-04372(RTL), 01-758, CIV.A. 01-233(GMS), (D. Del. July 11, 2002); In re Allegheny Int'l, Inc., 107 B.R. 518, 525 (W.D. Pa. 1989) (equity committee); Hanover Indus. Mach. Co. v. American Can Co. (In re Hanover Indus. Mach. Co.), 61 B.R. 551, 554 (Bankr. E.D. Pa. 1986). See also U.S. v. State St. Bank and Trust Co. (In re Scott Cable Comm., Inc.), 2002 WL 417013 at *2, ADV. A-01-04605 (Bankr. D. Del. March 4, 2002) (holding that under Marin a debtor-in-possession has a statutory right to intervene as a named "party in interest").

16.    And, of course, the Committee clearly has a strong interest in the outcome of this Adversary Proceeding. It is charged with protecting the interests of the entire unsecured creditor body of the Debtor. While no doubt, Debtor's counsel will vigorously defend against the Plaintiffs' claims, the Committee has a distinct interest in fully participating in this matter. This is especially true in light of allegations raised by the Plaintiffs that challenge Debtor's counsel's ability to adequately represent the Debtor in these matters.

WHEREFORE, the Committee respectfully requests that this Court (i) issue an Order pursuant to Bankruptcy Rule 7024 permitting the Committee to intervene in the Adversary Proceeding, and (ii) grant the Committee such other and further relief as is just and proper.


Dated: May 19, 2004


                                            THE BAYARD FIRM

                              By:    _____
                                            Neil B. Glassman (#2087)
                                            Charlene D. Davis (#2336)
                                            Eric M. Sutty (#4007)
                                            222 Delaware Avenue, Suite 900
                                            P.O. Box 25130
                                            Wilmington, Delaware 19899
                                            (302) 650-5000


                                                      -and-


                                            PAUL, WEISS, RIFKIND, WHARTON
                                              & GARRISON LLP
                                            Alan W. Kornberg
                                            Ephraim I. Diamond
                                            Talia Gil
                                            1285 Avenue of the Americas
                                            New York, New York 10019
                                            (212) 373-3000


                                            Attorneys for the Official Committee of
                                            Unsecured Creditors