IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| NORTHWESTERN CORPORATION, ) | |
| ) | Case No. 03-12872 (CGC) |
| Debtor. ) | |
| ) | |
| MAGTEN ASSET MANAGEMENT ) | |
| CORPORATION & LAW DEBENTURE ) | |
| TRUST COMPANY OF NEW YORK, ) | |
| ) | |
| Plaintiffs, ) | Adversary Proceeding |
| ) | Case No. 04-53324 (PBL) |
| v. ) | |
| ) | |
| NORTHWESTERN CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**REPLY TO LIMITED OBJECTION OF MAGTEN ASSET MANAGEMENT CORPORATION TO MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO INTERVENE IN ADVERSARY PROCEEDING**

The Official Committee of Unsecured Creditors (the "Committee") of NorthWestern Corporation ("NorthWestern" or the "Debtor"), by its undersigned counsel, hereby files this reply (the "Reply") to Magten Asset Management Corporation's ("Magten") Limited Objection (the "Objection")[1] to the Motion of the Official Committee of Unsecured Creditors to Intervene (the "Motion to Intervene") in the above-captioned adversary proceeding (the "Adversary Proceeding") pursuant to Rule 7024 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Fed. R. Civ. P. 24,

---

[1] On June 4, 2004, Law Debenture Trust Company of New York filed a Joinder to Magten's Objection adopting the arguments contained therein. Accordingly, this Reply responds to such Joinder as well.

1

and section 1109(b) of title 11 of the United States Code, 11 U.S.C. §§ 100 et seq. (the "Bankruptcy Code"), and states as follows:

1. The Committee's request to intervene as of right is clearly supported by Third Circuit case law as fully set forth in the Motion to Intervene. However, the Committee would like to clarify that it is not the intention of the Committee or its advisors to duplicate the efforts being made by the Debtor and its counsel. What the Committee seeks is the ability to fully participate in this Adversary Proceeding and when appropriate, become actively engaged – which admittedly, at some point, may include the filing of substantive pleadings or participation in any discovery.

2. Currently, as is evidenced by the Committee's proposed Joinder to the Debtor's Motion to Dismiss the Complaint of Magten Asset Management Corporation and Law Debenture Trust Company of New York for Failure to State a Claim Upon Which Relief Can Be Granted, filed on May 14, 2004 (the "Motion to Dismiss"), attached as Exhibit A to the Motion to Intervene, the Committee's approach has been, and continues to be, to allow the Debtor to take the lead in this matter and not to duplicate the Debtor's efforts. Nonetheless, as the body charged with protecting the interests of all unsecured creditors of NorthWestern (both senior and subordinated creditors), in view of the claims of Magten to a significant portion of the Debtor's assets, the Committee needs to remain fully apprised of the status of this Adversary Proceeding and, where appropriate, take action to protect creditors' interests.

3. Magten has raised the spectre of the Debtor being saddled with excessive expenses if the Committee is allowed to intervene. This is a red herring. As noted, the Committee does not intend to file pleadings or take depositions unless it determines that

the Debtor <u>cannot</u> <u>or</u> <u>is</u> <u>not</u> adequately representing all of the Committee's interests and concerns. Furthermore, the Committee's (and all other estate professionals' fees) are already reviewed by the Court-appointed fee auditor and the Court for reasonableness.

WHEREFORE, the Committee respectfully requests that this Court (i) overrule Magten's Objection, (ii) issue an Order pursuant to Bankruptcy Rule 7024 permitting the Committee to intervene in the Adversary Proceeding, and (iii) grant the Committee such other and further relief as is just and proper.

Dated: June 10, 2004

THE BAYARD FIRM

By: _____
Neil Glassman (#2087)
Charlene D. Davis (#2336)
Eric M. Sutty (#4007)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, Delaware 19899
(302) 650-5000

-and-

PAUL, WEISS, RIFKIND, WHARTON
 & GARRISON LLP
Alan W. Kornberg
Ephraim I. Diamond
Talia Gil
1285 Avenue of the Americas
New York, New York 10019
(212) 373-3000

Attorneys for the Official Committee of Unsecured Creditors

3