IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | : |
| | : Chapter 11 |
| NORTHWESTERN CORPORATION, | : |
| | : Case No. 03-12872 (JLP) |
| Reorganized Debtor. | : |
| | : |
| MAGTEN ASSET MANAGEMENT CORPORATION AND LAW DEBENTURE TRUST COMPANY OF NEW YORK, | : |
| Appellants, | : |
| v. | : Civil Action No. 05-209-JJF |
| NORTHWESTERN CORPORATION, | : |
| Appellee. | : |

Bonnie Steingart, Esquire and Gary Kaplan, Esquire of FRIED,
FRANK, HARRIS, SHRIVER & JACOBSON LLP, New York, New York.
Mark J. Packel, Esquire and Elio Battista, Jr., Esquire of BLANK
ROME LLP, Wilmington, Delaware.

Attorneys for Appellant, Magten Asset Management Corporation.


Amanda D. Darwin, Esquire; John V. Snellings, Esquire and Lee
Harrington, Esquire of NIXON PEABODY LLP, Boston, Massachusetts.
Kathleen M. Miller, Esquire, of SMITH KATZENSTEIN & FURLOW LLP,
Wilmington, Delaware.

Attorneys for Appellant, Law Debenture Trust Company of New York.

Jesse H. Austin, III of PAUL, HASTINGS, JANOFSKY & WALKER LLP,
Atlanta, Georgia.
Kristine M. Shryock, Esquire of PAUL, HASTINGS, JANOFSKY &
WALKER, LLP, New York, New York.
Victoria Watson Counihan, Esquire and William E. Chipman, Jr.,
Esquire of GREENBERG TRAURIG, LLP, Wilmington, Delaware.
Attorneys for Debtor/Appellee, Northwestern Corporation.

Alan W. Kornberg, Esquire; Margaret A. Phillips, Esquire and Ephraim I. Diamond, Esquire of PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP, New York, New York.
Neil B. Glassman, Esquire and Charlene Davis, Esquire of THE BAYARD FIRM, Wilmington, Delaware.

Attorneys for Appellee, the Plan Committee.

---

**MEMORANDUM OPINION**

September 29, 2006
Wilmington, Delaware

*[signature]*
**Farnan, District Judge.**

Presently before the Court is an appeal by Magten Asset Management Corporation ("Magten") and Law Denture Trust Company of New York ("Law Debenture") (collectively, "Appellants") from the March 10, 2005 Order issued by the United States Bankruptcy Court for the District of Delaware, denying Appellant's Motion filed pursuant to Federal Rule of Bankruptcy Procedure 9019 seeking approval of a global compromise and settlement in the Debtors' chapter 11 case (the "Rule 9019 Motion"). For the reasons set forth below, the Court will affirm the Bankruptcy Court's Order.

**I. PARTIES' CONTENTIONS**

By this appeal, Appellants contend that the Bankruptcy Court erred in concluding that the Settlement Agreement negotiated by Appellants and the Debtors was not a binding contract upon its execution. Specifically, Appellants contend that because the Debtors have reorganized, they are no longer constrained by Section 363 of the Bankruptcy Code, and therefore, the Settlement Agreement did not require the approval of the Bankruptcy Court to be effective. Appellants also contend that the plain language of the Settlement Agreement demonstrates that the Agreement was meant to be binding upon execution and that further approval of the

1

Bankruptcy Court was not required for the agreement to take effect.

In addition, Appellants contend that the Bankruptcy Court erred in concluding that the Settlement Agreement was inconsistent with the Debtors' Plan of Reorganization (the "Plan"). Appellants contend that the Debtors drafted both the Plan and the Settlement Agreement and represented to the Bankruptcy Court through their counsel that the Settlement Agreement was consistent with the terms of the Plan. Appellants also contend that the Settlement Agreement provided the non-accepting holders of the Series A 8.45% Quarterly Income Preferred Securities (the "QUIPS") with a recovery that was less than the amount that QUIPS holders would receive under their Class 9 treatment under the Plan, and therefore, an amendment to the Plan was not required to implement the Settlement Agreement.

In response, the Debtors contend that they still believe a settlement of this litigation would be in the best interests of the estate, but that they could not pursue the Settlement Agreement they had arranged with Appellants once objections were lodged by the Plan Committee, on behalf of Class 7 and Class 9 claimants and, and Harbert Distressed Investment Master Fund, Ltd., on behalf of Class 7 claimants. In light of these

2

objections, the Debtors contend that the Settlement Agreement, which they refer to as the Settlement Letter[1], required the approval of the Bankruptcy Court, as well as the execution of additional documents to become effective.  The Debtors also contend that the terms of the Settlement Letter are inconsistent with the Plan, because the Plan gives non-accepting QUIPS holders the option of either (1) accepting the Plan and receiving a Class 8(b) distribution, or (2) rejecting the Plan and receiving only a Class 9 claim.  In contrast, the Debtors contend that the proposed settlement  provides non-accepting QUIPS holders with both types of recoveries and therefore, amendment of the plan or the consent of the Class 7 and Class 9 claimants was required.  However, the Debtors point out that the Plan has been confirmed and substantially consummated by the Debtors, and therefore, the Debtors contend that amendment to the Plan is not feasible.

The Plan Committee makes arguments similar to those advanced by the Debtors and contends that Appellants, particularly Magten, have plagued the Debtor with litigation aimed at obtaining some value for debatable claims which they hold at the expense of other creditors.  The Plan Committee contends that Bankruptcy Court approval was a condition precedent to the implementation of the

---

[1]   The Court will use the term "Settlement Agreement" and "Settlement Letter" interchangeably.

3

Settlement Agreement. However, because the Settlement Agreement directly contravenes the Plan by giving nonaccepting QUIPS shares of the Debtors' new common stock, which are supposed to be distributed to Class 7 and Class 9 creditors, the Plan Committee contends that the Bankruptcy Court correctly declined to approve the Settlement Agreement.[2]

## II.  STANDARD OF REVIEW

The Court has jurisdiction to hear appeals from the Bankruptcy Court pursuant to 28 U.S.C. §158(a). The Court reviews the Bankruptcy Court's findings of fact under a "clearly erroneous" standard, and reviews its legal conclusions de novo. See Am. Flint Glass Workers Union v. Anchor Resolution Corp., 197 F.3d 76, 80 (3d Cir. 1999). In reviewing mixed questions of law and fact, the Court accepts the Bankruptcy Court's findings of "historical or narrative facts unless clearly erroneous, but exercise[s] 'plenary review of the trial court's choice and interpretation of legal precepts and its application of those

---

[2] Appellants contend that the Plan Committee does not have standing to join this appeal and its brief should be disregarded. In the Court's view, resolution of the Plan Committee's standing is not necessary to address this appeal, because Appellee has advanced the same position as the Plan Committee. To the extent that Appellants suggest that the Court strike the brief of the Plan Committee, the Court declines to do so.

4

precepts to the historical facts.'" <u>Mellon Bank, N.A. v. Metro Communications, Inc.</u>, 945 F.2d 635, 642 (3d Cir. 1991) (quoting <u>Universal Mineral, Inc. v. C.A. Hughes & Co.</u>, 669 F.2d 98, 101-02 (3d Cir. 1981)). The appellate responsibilities of the Court are further understood by the jurisdiction exercised by the Third Circuit, which focuses and reviews the Bankruptcy Court decision on a de novo basis in the first instance. <u>Baroda Hiss Inv., Inc. v. Telegroup Inc.</u>, 281 F.3d 133, 136 (3d Cir. 2002).

### III. DISCUSSION

Reviewing the decision of the Bankruptcy Court in light of the applicable standard of review and the parties' respective arguments, the Court concludes that the Bankruptcy Court did not err in concluding that the Settlement Agreement was not binding on the parties without the approval of the Bankruptcy Court. The Court agrees with the Bankruptcy Court's conclusion that the Settlement Letter, which expressed the parties intention to enter into a settlement, expressly provided for certain conditions precedent to the implementation of that settlement, namely the Bankruptcy Court's approval of the Settlement. In pertinent part, the Settlement Letter provides:

> As discussed, this Settlement will be implemented by way of a motion pursuant to Rule 9019 of the Federal Rule of Bankruptcy Procedure seeking approval of an agreed upon stipulation and order (the "Stipulation and Order") approving the Settlement, the terms of

5

>           which are to be mutually acceptable to all
>           parties.
>
>                              * * *
>
>           In reaching agreement on the Settlement as
>           outlined herein, all litigation by and among
>           the parties currently scheduled, or which may
>           be scheduled, for hearing will be continued by
>           mutual agreement until the Bankruptcy Court
>           can hold a hearing to consider approval of the
>           Settlement. <u>Assuming the Settlement is
>           thereafter approved</u>, such litigation will be
>           dismissed or withdrawn as provided for
>           pursuant to the terms of the Settlement.

Appellants' Ex. 248 (Kaplan Declaration at Ex. D) (emphasis added). Because the parties' Settlement Letter expressly provides for Bankruptcy Court approval of the settlement, the Court further agrees with the Bankruptcy Court that Appellants' arguments related to Section 363 of the Bankruptcy Code and the Appellee's status as a reorganized entity are irrelevant to the question of whether Bankruptcy Court approval of the Settlement Agreement was required.

Having concluded that the Bankruptcy Court correctly determined that the Settlement Agreement was not binding on the parties absent its approval, the Court must next consider whether the Bankruptcy Court erroneously concluded that the terms of the Settlement Agreement contradicted the Plan. Pursuant to Article

6

IV, section 4.8(b)(ii) of the Plan, QUIPS holders may select one of two options. Specifically, QUIPS holders may either select:

> (1) a pro rata share of 505,591 shares of New Common Stock . . . ., plus Warrants exercisable for an additional 2.3% of New Common Stock (collectively, "Option 1"), or

> (2) a pro rata share of recoveries, if any upon resolution of the QUIPS Litigation ("Option 2").

Appellants' Ex. 138 (Plan). The Plan also provides that, to the extent shares allocated to Class 8(b) claimants are not distributed to Option 2 holders, those shares are to be distributed to Class 7 and Class 9 claimants. As the Bankruptcy Court correctly noted, however, the Settlement Agreement conflicts with this disbursement scheme by providing QUIPS holders electing Option 2 with the full amount of stock set aside for them in the disputed claims reserve and the stock they would have received if they elected Option 1, stock which is to be divided among the Class 7 and Class 9 claimants. Because the settlement dilutes the distributions to which Class 7 and Class 9 claimants are entitled, an amendment to the Plan would be necessary for the Settlement Agreement to be consistent with the Plan. Here, such an amendment is not feasible, because the Plan has been substantially consummated[3], and in any event, such an amendment would be opposed

---

[3]   11 U.S.C. § 1127(b) (allowing for modification of plan any time after confirmation, but before substantial consummation of the plan); In re Continental Airlines, Inc., 91 F.3d 553, 570

7

by Harbert and the Plan Committee. Accordingly, the Court agrees with the rationale espoused by the Bankruptcy Court and concludes that the Bankruptcy Court's decision to deny Appellant's 9019 Motion was not erroneous.

**IV. CONCLUSION**

For the reasons discussed, the Court will affirm the Bankruptcy Court's March 10, 2005 Order.

An appropriate order will be entered.

---

(3d Cir. 1996) (noting that § 1127(b) "dramatically curtails the power of a bankruptcy court to modify a plan of reorganization after its confirmation and 'substantial consummation'"), cert. denied sub nom. Bank of New York v. Continenal Airlines, Inc., 519 U.S. (1997).

8